OPINION
{¶ 1} Appellant appeals the judgment of the Stark County Common Pleas Court denying his motion to waive the imposition of court costs.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On September 10, 2003, Appellant was indicted on one count of Carrying a Concealed Weapon, a fourth degree felony.
 {¶ 4} On September 17, 2003, Appellant entered a plea of guilty to the charge.
 {¶ 5} Appellant was sentenced to six (6) months in prison.
 {¶ 6} On September 23, 2003, Appellant filed a Motion to Waive Court Costs. An Affidavit of Indigency was filed contemporaneously with said motion.
 {¶ 7} On September 25, 2003, the trial court denied Appellant's motion.
 {¶ 8} On September 30, 2003, Appellant filed her notice of appeal, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 9} "I. The trial court erred in failing to waive court costs where the defendant filed an uncontested affidavit of indigency."
 I. {¶ 10} Specifically, Appellant argues that the trial court erred by failing to prevent the collection of court costs from an indigent defendant. We disagree.
 {¶ 11} The imposition of court costs is addressed by R.C. §2947.23, which states, in part:
 {¶ 12} "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecutions and render a judgment against the defendant for such costs."
 {¶ 13} R.C. § 2949.14 provides for the collection of court costs and states, in part:
 {¶ 14} "Upon conviction of a non-indigent person, for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid to the county commissioners, certified by the county auditor, for the arrest and return of the person on the requisition of the governor, or on the request of the governor to the president of the United States, or on the return of the fugitive by a designated agent pursuant to a waiver of extradition except in cases of parole violation. Such bill of costs shall be presented by such clerk to the prosecuting attorney, who shall examine each item therein charged and certify to it if correct and legal. Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted."
 {¶ 15} In State v. White (April 30, 2003), Fifth Dist. App. No. 02CA23, 2003-Ohio 2289, this Court held:
 {¶ 16} "R.C. 2949.14 does not govern the court's ability to order costs. The statute is directed at the ability of the clerk of courts to collect the costs from the person convicted. While R.C. 2949.14 provides a collection mechanism only for non-indigent defendants, nothing in R.C. 2947.23 prohibits the court from assessing costs to an indigent defendant as part of the sentence. In the event the indigent defendant at some point ceases to be indigent, the clerk could then collect costs pursuant to the procedure outlined in R.C. 2949.14. Ohio law does not prohibit a judge from including court costs as part of the sentence of an indigent defendant. State v. Tubbs (May 29, 1998), Fairfield Appellate No. 97CA72; State v. Payne (December 20, 1999), Delaware Appellate No. 99CAA05024."
 {¶ 17} In the case sub judice, no attempt had yet been made to collect the costs assessed to Appellant at the time when Appellant filed his Motion to Waive Costs, nor when the trial court denied same. Such attempt had not even occurred when the instant appeal was filed on October 1, 2003.
 {¶ 18} The docket in this matter does reflect that on October 7, 2003, a statement was sent by the Clerk's office to the institution for $329.65 indicating that it is attempting to collect court costs. We therefore find that the issue as to collection of costs was not yet ripe for review when Appellant filed his motion to waive with the trial court.
 {¶ 19} The judgment of the Stark County Court of Common Pleas is affirmed.
Farmer, P.J. and Wise, J. concur.