OPINION JUDGMENT ENTRY
{¶ 1} On August 15, 2003, the Stark County Grand Jury indicted appellant, Daniel Olson, on one count of telecommunications harassment in violation of R.C. 2917.21.
 {¶ 2} On September 3, 2003, appellant pled guilty. By judgment entry filed September 25, 2003, the trial court sentenced appellant to eight months in prison and ordered appellant to pay court costs.
 {¶ 3} On September 30, 2003, appellant filed a motion to waive court costs and an affidavit of indigency. By judgment entry filed October 2, 2003, the trial court denied said motion.
 {¶ 4} On October 15, 2003, appellant filed a motion to vacate the order of garnishment to collect court costs. By judgment entry filed same date, the trial court denied said motion. On October 17, 2003, the trial court filed a second denial on appellant's motion regarding costs.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The trial court erred in failing to waive court costs where the defendant filed an uncontested affidavit of indigency."
 II {¶ 7} "The trial court erred in failing to waive court costs by means of vacating the order of garnishment where the defendant is indigent."
 I, II {¶ 8} Appellant challenges the trial court's assessment and execution of court costs against him.
 {¶ 9} This case raises two issues:
 {¶ 10} 1) May a trial court assess court costs against an indigent defendant?
 {¶ 11} 2) Does the filing of an uncontested affidavit of indigency preclude collection?
 ASSESSMENT OF COURT COSTS {¶ 12} R.C. 2947.23 governs judgment for costs and jury fees. Said statute states in pertinent part, "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Appellant concedes this appellate district has held R.C. 2947.23 requires trial courts to assess costs against defendants, indigent or not. Appellant's Brief at 3, 6; State v. White, Guernsey App. No. 02CA23, 2003-Ohio-2289.
 UNCONTESTED AFFIDAVIT OF INDIGENCY {¶ 13} Appellant argues the filing of an uncontested affidavit of indigency precludes collection of court costs. At the outset, it is necessary to point out that "once indigent" does not mean "always indigent." It is very possible that after an indigent defendant is convicted and sentenced, the defendant may become solvent, for example through employment, lottery winnings, inheritance or award. Therefore, just because an affidavit of indigency is filed during the course of the proceedings, it does not mean the defendant keeps the indigent status forever. The financial status of each defendant at collection or garnishment for court costs must be determined from the facts of each particular case.
 {¶ 14} In the case sub judice, appellant was sentence to an eight month prison term on September 25, 2003. He filed his motion to waive court costs and an affidavit of indigency on September 30, 2003. No evidence contra to the affidavit was filed and the trial court denied said motion on October 2, 2003 and again on October 17, 2003. On October 15, 2003, appellant filed a motion to vacate the order of garnishment to collect court costs. The trial court denied said motion on same date.
 {¶ 15} Appellant argues the provisions of R.C. 2949.14 et seq. are applicable only to nonindigent defendants. Said statute states as follows:
 {¶ 16} "Upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid by the board of county commissioners, certified by the county auditor, for the arrest and return of the person on the requisition of the governor, or on the request of the governor to the president of the United States, or on the return of the fugitive by a designated agent pursuant to a waiver of extradition except in cases of parole violation. Such bill of costs shall be presented by such clerk to the prosecuting attorney, who shall examine each item therein charged and certify to it if correct and legal. Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted."
 {¶ 17} In reviewing the statute, we find it is included within the Chapter's subdivision titled "Transportation of Felons; Costs." R.C. 2949.14 mandates collection from nonindigent felons only. R.C. 2949.19 provides for reimbursement of transportation costs by the state public defender for indigent defendants.
 {¶ 18} We therefore conclude it was the sole intent of the Ohio General Assembly to permit collection and garnishment for court costs against nonindigent felons only. The statute does not provide collection against indigent felons.
 {¶ 19} It is the trial court's decision to determine if a felon is indigent at the time of collection. In this case, the trial court ruled without response from the state on the issue of appellant's indigency status in violation of Loc.R. 10.03 of the Court of Common Pleas of Stark County, General Division and Crim.R. 47. It is not fair at this juncture to say that the affidavit of indigency was uncontested.
 {¶ 20} The trial court's judgment is vacated and the matter is remanded for a determination by the trial court on the indigency status of appellant. If the trial court finds appellant to be indigent, then the garnishment is unlawful.[1] If the trial court finds appellant not to be indigent, then the garnishment is lawful.
 {¶ 21} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby vacated and remanded.
Farmer, J., Hoffman, P.J. and Edwards, J. concur.
[1] The fact the trial court determines a defendant is indigent at the particular point in time a garnishment is ordered thereby rendering that garnishment unlawful, does not preclude a subsequent attempt(s) to garnish as the defendant's indigency status may change.