OPINION
{¶ 1} On June 18, 2003, the Stark County Grand Jury indicted appellant, Trent Cantwell, on one count of driving under the influence in violation of R.C. 4511.19.
 {¶ 2} On July 9, 2003, appellant pled guilty. By judgment entry filed July 18, 2003, the trial court sentenced appellant to three years in prison and ordered appellant to pay court costs.
 {¶ 3} On September 23, 2003, appellant filed a motion to waive court costs and an affidavit of indigency. By judgment entry filed September 25, 2003, the trial court denied said motion.
 {¶ 4} On October 9, 2003, appellant filed a motion to vacate the order of garnishment to collect court costs. By judgment entry filed October 15, 2003, the trial court denied said motion.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The trial court erred in failing to waive court costs where the defendant filed an uncontested affidavit of indigency."
 II {¶ 7} "The trial court erred in failing to waive court costs by means of vacating the order of garnishment where the defendant is indigent."
 I, II {¶ 8} Appellant challenges the trial court's assessment and execution of court costs against him.
 {¶ 9} This case raises three issues:
 {¶ 10} 1) May a trial court assess court costs against an indigent defendant?
 {¶ 11} 2) Once assessed, when does the appeal time start to run?
 {¶ 12} 3) Does the filing of an uncontested affidavit of indigency preclude collection?
 ASSESSMENT OF COURT COSTS {¶ 13} R.C. 2947.23 governs judgment for costs and jury fees. Said statute states in pertinent part, "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Appellant concedes this appellate district has held R.C. 2947.23 requires trial courts to assess costs against defendants, indigent or not. Appellant's Brief at 3, 6; State v. White, Guernsey App. No. 02CA23, 2003-Ohio-2289.
 APPEAL TIME {¶ 14} The state argues the appeal time attaches to the actual sentencing entry therefore, appellant's failure to appeal said entry is res judicata. State v. Pasqualone (2000),140 Ohio App.3d 650.
 {¶ 15} R.C. 2949.14 governs cost bill in case of felony. Said statute states the following:
 {¶ 16} "Upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid by the board of county commissioners, certified by the county auditor, for the arrest and return of the person on the requisition of the governor, or on the request of the governor to the president of the United States, or on the return of the fugitive by a designated agent pursuant to a waiver of extradition except in cases of parole violation. Such bill of costs shall be presented by such clerk to the prosecuting attorney, who shall examine each item therein charged and certify to it if correct and legal. Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted."
 {¶ 17} This statute carries a direct mandate to the clerk of courts to prepare an itemized bill of the costs for nonindigent defendants. It does not prohibit the clerk of courts from preparing an itemized bill of the costs for indigent defendants. We conclude R.C. 2949.14 does not make the preparation of an itemized bill of the costs against indigent defendants illegal.
 {¶ 18} If the statute permits an itemized bill of the costs for indigent defendants, then the time for appeal does not begin to run until there is an attempt to levy or garnish. We find this to be consistent with this court's decisions in State v.Durenda, Stark App. No. 2003CA00336, 2004-Ohio-1292, and Statev. Chambers, Stark App. No. 2003CA00337, 2004-Ohio-1279. The appeal sub judice was timely filed.
 UNCONTESTED AFFIDAVIT OF INDIGENCY {¶ 19} Appellant argues the filing of an uncontested affidavit of indigency precludes collection of court costs. At the outset, it is necessary to point out that "once indigent" does not mean "always indigent." It is very possible that after an indigent defendant is convicted and sentenced, the defendant may become solvent, for example through employment, lottery winnings, inheritance or award. Therefore, just because an affidavit of indigency is filed during the course of the proceedings, it does not mean the defendant keeps the indigent status forever. The financial status of each defendant at collection or garnishment for court costs must be determined from the facts of each particular case.
 {¶ 20} In the case sub judice, appellant was sentence to a three year prison term on July 18, 2003. He filed his motion to waive court costs and an affidavit of indigency on September 23, 2003. No evidence contra to the affidavit was filed and the trial court denied said motion on September 25, 2003. On October 9, 2003, appellant filed a motion to vacate the order of garnishment to collect court costs. The trial court denied said motion on October 15, 2003.
 {¶ 21} Appellant argues the provisions of R.C. 2949.14 et seq. are applicable only to nonindigent defendants. In reviewing the statute, we find it is included within the Chapter's subdivision titled "Transportation of Felons; Costs." R.C.2949.14 mandates collection from nonindigent felons only. R.C.2949.19 provides for reimbursement of transportation costs by the state public defender for indigent defendants.
 {¶ 22} We therefore conclude it was the sole intent of the Ohio General Assembly to permit collection and garnishment for court costs against nonindigent felons only. The statute does not provide collection against indigent felons.