OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant David Williams appeals from the September 25, 2003, Judgment Entry of the Stark County Court of Common Pleas denying his Motion to Waive Court Costs and the October 15, 2003, Judgment Entry of the Stark County Court of Common Pleas denying his Motion to Vacate Order of Garnishment. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 21, 2003, the Stark County Grand Jury indicted appellant on one count each of possession of cocaine, in violation of R.C.2925.11(A)(C)(4)(b), and carrying concealed weapons, in violation of R.C. 2923.12(A), both felonies of the fourth degree. At his arraignment on August 15, 2003, appellant entered a plea of not guilty to the counts contained in the indictment.
 {¶ 3} Thereafter, on September 3, 2003, appellant withdrew his former not guilty plea and pled guilty to both charges. As memorialized in a Judgment Entry filed on September 12, 2003, appellant was sentenced to an aggregate prison sentence of seven months and appellant's driver's license was suspended for a period of six months. The trial court, in its entry, ordered that appellant "shall pay the costs of prosecution for which the Court herein renders a judgment against the defendant [appellant] for such costs."
 {¶ 4} On September 23, 2003, appellant filed a Motion to Waive Court Costs, arguing that R.C. 2949.19 governs the collection of court costs from a non-indigent person only and that appellant was indigent. Attached to appellant's motion was an affidavit of indigency. Pursuant to a Judgment Entry filed on September 25, 2003, the trial court denied such motion.
 {¶ 5} The docket indicates that a statement of court costs in the amount of $421.79 was sent to "the institution" on October 7, 2003.
 {¶ 6} Subsequently, appellant, on October 9, 2003, filed a Motion to Vacate Order of Garnishment. Appellant, in his motion, argued, in relevant part, as follows:
 {¶ 7} ". . . O.R.C. 2949.14 governs the cost bill in a felony case. The statute directs the Common Pleas Clerk of Court to complete an itemized bill of costs of prosecution. After approval by the Prosecutor, the Clerk may then attempt to collect said costs. However, the State [sic] specifically applies to a "non-indigent person". The Defendant in this case is indigent. An affidavit of indigency has been filed in the above case. Said affidavit is uncontested. Therefore, the Defendant requests that the court vacate the order of garnishment."
 {¶ 8} The trial court denied such motion via a Judgment Entry filed on October 15, 2003.
 {¶ 9} It is from the trial court's September 15, 2003, and October 15, 2003, Judgment Entries that appellant now appeals, raising the following assignments of error:
 {¶ 10} "I. The trial court erred in failing to waive court costs where the defendant filed an uncontested affidavit of indigency.
 {¶ 11} "II. The trial court erred in failing to waive court costs by means of vacating the order of garnishment where the defendant is indigent."
 I, II {¶ 12} Appellant, in his first assignment of error, argues that the trial court erred in failing to waive court costs since appellant filed an uncontested affidavit of indigency. In his second assignment of error, appellant asserts that, since appellant is indigent, the trial court erred in failing to waive court costs by means of vacating the order of garnishment.
 {¶ 13} However, the first issue that must be addressed is whether appellant's appeal was timely filed. While the State argues that the appeal time attaches to the actual sentencing entry and that, therefore, appellant's failure to appeal said entry is res judicata, we disagree.
 {¶ 14} Revised Code 2949.14 governs the cost bill in a felony case. Said statute states as follows:
 {¶ 15} "Upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid by the board of county commissioners, certified by the county auditor, for the arrest and return of the person on the requisition of the governor, or on the request of the governor to the president of the United States, or on the return of the fugitive by a designated agent pursuant to a waiver of extradition except in cases of parole violation. Such bill of costs shall be presented by such clerk to the prosecuting attorney, who shall examine each item therein charged and certify to it if correct and legal. Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted."
 {¶ 16} This statute carries a direct mandate to the clerk of court to prepare an itemized bill of the costs for nonindigent defendants. It does not prohibit the clerk of courts from preparing an itemized bill of the costs for indigent defendants. We conclude R.C. 2949.14 does not make the preparation of an itemized bill of the costs against indigent defendants illegal.
 {¶ 17} Most trial courts order costs to be assessed in their original judgment entries. Appellant does not dispute that R.C. 2947.23 requires a trial court to assess court costs against a defendant, indigent or not. If an itemized cost bill is prepared by the clerk of courts, the specific amount due is generally not put into a judgment entry. Thus, there is no order of the court to pay a specific amount for court costs until there is an attempt to collect the costs by levy or garnishment. Provided that such procedure is used by the trial court, as it was in the case sub judice, then the time for appeal does not begin to run until there is an attempt to levy or garnish. We find this to be consistent with this court's decision in State v. Durenda, Stark App. No. 2003CA00336, 2004-Ohio-1292, and State v. Chambers, Stark App. No. 2003CA00337, 2004-Ohio-1279. Thus, appellant's appeal sub judice was timely filed.
 {¶ 18} We note, however, that if a trial court would, for some reason, enter the specific amount of costs due into a judgment entry prior to a levy or garnishment attempt, then the appeal time to challenge the amount of the judgment begins to run from the time of the entry. In addition, any time that the court renders a judgment as to a defendant's indigency status, a new final appealable order exists.
 {¶ 19} As is stated above, appellant, in his first assignment of error, argues that the filing of an uncontested affidavit of indigency precludes collection of court costs. At the outset, it is necessary to point out that "once indigent" does not mean "always indigent." It is very possible that after an indigent defendant is convicted and sentenced, the defendant may become solvent, for example through employment, lottery winnings, inheritance or award. Therefore, just because an affidavit of indigency is filed during the course of the proceedings, it does not mean the defendant keeps the indigent status forever. The financial status of each defendant at collection or garnishment for court costs must be determined from the facts of each particular case.
 {¶ 20} In the case sub judice, appellant was sentenced to a total aggregate term of seven months in prison pursuant to a Judgment Entry filed on September 5, 2003. Appellant then filed his motion to waive court costs and an affidavit of indigency on September 23, 2003. No evidence contra to the affidavit was filed and the trial court denied said motion on September 25, 2003. On October 9, 2003, appellant filed a motion to vacate the order of garnishment to collect court costs. As memorialized in a Judgment Entry filed on October 15, 2003, the trial court denied such motion.
 {¶ 21} Appellant argues that the provisions of R.C. 2949.14 et seq. are applicable only to nonindigent defendants. In reviewing the statute, we find it is included within the Chapter's subdivision titled "Transportation of Felons; Costs." R.C. 2949.14 mandates collection from nonindigent felons only. R.C. 2949.19 provides for reimbursement of transportation costs by the state public defender for indigent defendants.
 {¶ 22} We therefore conclude it was the sole intent of the Ohio General Assembly to permit collection and garnishment for court costs against nonindigent felons only. The statute does not provide collection against indigent felons such as appellant. See State v. Glosser, Stark App. No. 2003CA00374, 2004-Ohio-2966, State v. Cantwell, Stark App. No. 2003CA00367, 2004-Ohio-2964 and State v. Olson, Stark App. No. 2003CA00371, 2004-Ohio-2965.
 {¶ 23} It is the trial court's decision to determine if a felon is indigent at the time of collection. In this case, the trial court ruled without response from the state on the issue of appellant's indigency status in violation of Loc.R. 10.03 of the Court of Common Pleas of Stark County, General Division and Crim.R. 47. It is not fair at this juncture to say that the affidavit of indigency was uncontested.
 {¶ 24} For the foregoing reasons, the trial court's judgment is vacated and the matter is remanded for a determination by the trial court on the indigency status of appellant. If the trial court finds appellant to be indigent, then the garnishment is unlawful.[1] In the alternative, if the trial court finds appellant not to be indigent, then the garnishment is lawful.
 {¶ 25} Accordingly, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby vacated and this matter is remanded to the trial court for further proceedings.
Edwards, J., Hoffman, P.J. and Farmer, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is vacated and this case is remanded to the trial court for further proceedings. Costs assessed to appellee.
[1] The fact that the trial court determines a defendant is indigent at the particular point in time a garnishment is ordered, thereby rendering that garnishment unlawful, does not preclude a subsequent attempt(s) to garnish as the defendant's indigency status may change.