The STATE of Ohio, Appellee,

v.

GLOSSER, Appellant.

[Cite as *State v. Glosser*, 157 Ohio App.3d 588, 2004-Ohio-2966.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2003CA00374.

Decided June 7, 2004.

Kathleen O. Tatarsky, for appellee.

Kristina R. Powers, for appellant.

---

FARMER, Judge.

{¶ 1} On August 15, 2003, the Stark County Grand Jury indicted appellant, Heidi Glosser, on one count of burglary in violation of R.C. 2911.12, one count of safecracking in violation of R.C. 2911.31, and one count of breaking and entering in violation of R.C. 2911.13.

{¶ 2} On September 3, 2003, appellant pled guilty. By judgment entry filed September 9, 2003, the trial court sentenced appellant to a total aggregate term of one year in prison and ordered appellant to pay court costs.

{¶ 3} On September 23, 2003, appellant filed a motion to waive court costs and an affidavit of indigency. By judgment entry filed September 25, 2003, the trial court denied the motion.

{¶ 4} On October 9, 2003, appellant filed a motion to vacate the order of garnishment to collect court costs. By judgment entry filed October 15, 2003, the trial court denied the motion.

{¶ 5} Appellant filed an appeal, and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 6} "The trial court erred in failing to waive court costs where the defendant filed an uncontested affidavit of indigency."

II

{¶ 7} "The trial court erred in failing to waive court costs by means of vacating the order of garnishment where the defendant is indigent."

I, II

{¶ 8} Appellant challenges the trial court's assessment and execution of court costs against her.

{¶ 9} This case raises three issues:

{¶ 10} 1.   May a trial court assess court costs against an indigent defendant?

{¶ 11} 2.   Once assessed, when does the appeal time start to run?

{¶ 12} 3.   Does the filing of an uncontested affidavit of indigency preclude collection?

## ASSESSMENT OF COURT COSTS

{¶ 13} R.C. 2947.23 governs judgment for costs and jury fees. This statute states in part: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Appellant concedes that this appellate district has held that R.C. 2947.23 requires trial courts to assess costs against defendants, indigent or not. *State v. White*, Guernsey App. No. 02CA23, 2003-Ohio-2289, 2003 WL 21025839.

## APPEAL TIME

{¶ 14} The state argues that the appeal time attaches to the actual sentencing entry; therefore, appellant's failure to appeal the entry is res judicata. *State v. Pasqualone* (2000), 140 Ohio App.3d, 650, 748 N.E.2d 1153.

{¶ 15} R.C. 2949.14 governs cost bills in cases of felony. The statute states the following:

{¶ 16} "Upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid by the board of county commissioners, certified by the county auditor, for the arrest and return of the person on the requisition of the governor, or on the request of the governor to the president of the United States, or on the return of the fugitive by a designated agent pursuant to a waiver of extradition except in cases of parole violation. Such bill of costs shall be presented by such clerk to the prosecuting attorney, who shall examine each item therein charged and certify to it if correct and legal. Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted."

{¶ 17} This statute carries a direct mandate to the clerk of courts to prepare an itemized bill of the costs for nonindigent defendants. It does not prohibit the clerk of courts from preparing an itemized bill of the costs for indigent defendants. We conclude that R.C. 2949.14 does not make the preparation of an itemized bill of the costs against indigent defendants illegal.

{¶ 18} If the statute permits an itemized bill of the costs for indigent defendants, then the time for appeal does not begin to run until there is an attempt to levy or garnish. We find this to be consistent with this court's decisions in *State v. Durenda,* Stark App. No. 2003CA00336, 2004-Ohio-1292, 2004 WL 540923; and *State v. Chambers,* Stark App. No. 2003CA00337, 2004-Ohio-1279, 2004 WL 539997. The appeal sub judice was timely filed.

## UNCONTESTED AFFIDAVIT OF INDIGENCY

{¶ 19} Appellant argues that the filing of an uncontested affidavit of indigency precludes collection of court costs. At the outset, it is necessary to point out that "once indigent" does not mean "always indigent." It is very possible that after an indigent defendant is convicted and sentenced, the defendant may become solvent, for example, through employment, lottery winnings, inheritance, or award. Therefore, the fact that an affidavit of indigency is filed during the course of the proceedings does not mean that the defendant keeps the indigent status forever. The financial status of each defendant at collection or garnishment for court costs must be determined from the facts of each particular case.

{¶ 20} In the case sub judice, appellant was sentenced to a total aggregate term of one year in prison on September 9, 2003. She filed her motion to waive court costs and an affidavit of indigency on September 23, 2003. No evidence

contra the affidavit was filed, and the trial court denied the motion on September 25, 2003. On October 9, 2003, appellant filed a motion to vacate the order of garnishment to collect court costs. The trial court denied the motion on October 15, 2003.

{¶ 21} Appellant argues that the provisions of R.C. 2949.14 et seq. are applicable only to nonindigent defendants. In reviewing the statute, we find that it is included within the chapter's subdivision titled "Transportation of Felons; Costs." R.C. 2949.14 mandates collection from nonindigent felons only. R.C. 2949.19 provides for reimbursement of transportation costs by the State Public Defender for indigent defendants.

{¶ 22} We therefore conclude that it was the intent of the Ohio General Assembly to permit collection and garnishment for court costs against nonindigent felons only. The statute does not provide collection against indigent felons.

{¶ 23} It is the trial court's decision to determine whether a felon is indigent at the time of collection. In this case, the trial court ruled without response from the state on the issue of appellant's indigency status in violation of Loc.R. 10.03 of the Court of Common Pleas of Stark County, General Division, and Crim.R. 47. It is not fair at this juncture to say that the affidavit of indigency was uncontested.

{¶ 24} The trial court's judgment is vacated, and the matter is remanded for a determination by the trial court on the indigency status of appellant. If the trial court finds appellant to be indigent, then the garnishment is unlawful.[1] If the trial court finds appellant not to be indigent, then the garnishment is lawful.

{¶ 25} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby vacated and remanded.

Judgment vacated
and cause remanded.

WILLIAM B. HOFFMAN, P.J., and EDWARDS, J., concur.

EDWARDS, Judge, concurring.

{¶ 26} I concur with the majority as to its analysis and disposition of this case. I write separately only to clarify my position as to when the appeal time begins to run.

---

1. The fact that the trial court determines that a defendant is indigent at the particular point in time a garnishment is ordered, thereby rendering that garnishment unlawful, does not preclude subsequent attempt(s) to garnish, as the defendant's indigency status may change.

{¶ 27} Most trial courts order costs to be assessed in their original judgment entries. If an itemized cost bill is prepared by the clerk of courts, the specific amount due is generally not put into a judgment entry. Thus, there is no order of the court to pay a specific amount for court costs until there is an attempt to collect the costs by levy or garnishment. If the procedure used by the trial court is as I have just described, then I agree with the majority that the appeal time begins to run when there is an attempt to levy or garnish, not at the time the trial court writes "costs assessed to defendant."

{¶ 28} But if a trial court would, for some reason, go ahead and put the specific amount of costs due into a judgment entry prior to a levy or garnishment attempt, then I would find that the appeal time to challenge the amount of the judgment begins to run from the time of the entry.

{¶ 29} In addition, I would find that any time that the court renders a judgment as to a defendant's indigency status, a new final appealable order exists.