JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Pro se defendant John Sutton (appellant) appeals the court's judgment denying his motion for court order regarding monetary status. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 3} On June 7, 2006, appellant pled guilty to various charges relating to drug possession, and the court sentenced him to an aggregate of 18 months in prison. Additionally, appellant was ordered to pay court costs. On August 7, 2006, appellant filed a motion to pay the costs in installments. On August 15, 2006, the court granted appellant's motion, stating, "Defendant may make $8.00 monthly payments toward his financial obligations."
 {¶ 4} On November 9, 2006, appellant filed a motion requesting a "court order regarding monetary status." Although unclear from the motion itself, it seems as if appellant is arguing that his court costs should be voided because the court did not specify the dollar amount in its journal entry. On November 28, 2006, the court denied appellant's motion.
 II *Page 3 {¶ 5} In his sole assignment of error, appellant argues that the court's denial of his motion is in conflict with case and statutory laws; however, appellant's arguments are not supported by legal precedent.
 {¶ 6} Rather, pursuant to R.C. 2947.23, trial courts have the authority to impose costs against convicted offenders. In State v.Threatt, 108 Ohio St.3d 277, 281, 2006-Ohio-905, the Ohio Supreme Court held the following:
 "In all criminal cases, costs must be included in the sentencing entry. R.C. 2947.23(A). The clerk of courts is responsible for generating an itemized bill of the court costs. R.C. 2949.14. However, even if the itemized bill is ready at the time of sentencing, `the specific amount due is generally not put into a judgment entry.' State v. Glosser, 157 Ohio App.3d 588, 2004-Ohio-2966 (Edwards, J., concurring). Therefore, a typical sentencing entry, like the one that sentenced Threatt, assesses only unspecified costs, with the itemized bill to be generated at a later date."
 {¶ 7} Accordingly, we find no error in the court's denying appellant's motion for monetary status, and his sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's sentence having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR. *Page 1