OPINION
{¶ 1} Andres S. Murillo appeals from a judgment of the Montgomery County Court of Common Pleas, which denied his motion to enjoin the collection of court costs and restitution.
 {¶ 2} On March 5, 2002, Murillo pled guilty to aggravated burglary (Case No. 01-CR- *Page 2 
3173) and murder (Case No. 01-CR-4297). The plea form for the burglary charge acknowledged that he could be sentenced to a prison term up to ten years, a fine up to $20,000, and restitution to the victim, Julie Papp. The plea form for the murder charge informed Murillo of the maximum potential fine and sentence but made no reference to restitution or court costs. The court subsequently sentenced Murillo to serve ten years in prison for the aggravated burglary, to be served concurrently with a sentence of fifteen years to life in prison for the murder.
 {¶ 3} On June 16, 2006, Murillo filed a motion to enjoin the collection of costs and restitution on the ground that neither had been ordered by the court at sentencing or in its sentencing entry. On October 24, 2006, the trial court overruled the motion, stating that the court may assess court costs against an indigent defendant and the clerk of court may attempt to collect those costs. The court further stated that Murillo had "cited no authority to justify releasing him from restitution payments."
 {¶ 4} Murillo appeals from the trial court's judgment. In his sole assignment of error, Murillo asserts that his sentence was "improperly changed" to include the collection of court costs and victim's restitution, which were not originally imposed at sentencing. Murillo argues that the retroactive imposition of restitution and court costs violated the Ex Post Facto and Double Jeopardy Clauses of the United States and Ohio Constitutions. He further asserts that his sentence should be construed leniently and, thus, without the imposition of court costs and restitution.
 {¶ 5} In response, the state contends that Murillo waived his constitutional arguments by not raising them in the trial court. The state further states that Murillo has failed to establish *Page 3 
that the court did not impose court costs and restitution. The state cites to cases from this appellate district indicating that the imposition of court costs is mandatory under R.C. 2947.23. Finally, the state argues that Murillo should have raised his arguments on direct appeal.
 {¶ 6} As noted by the state, Murillo did not raise his constitutional challenges in the trial court. However, the crux of each of his arguments is that the clerk of court is attempting to collect court costs and restitution, which he was not ordered to pay. This principal argument was the basis for his motion in the trial court, and it is properly before us.
 {¶ 7} Court costs are imposed under R.C. 2947.23. "The Ohio Supreme Court has held that R.C. 2947.23 `does not prohibit a court from assessing costs against an indigent defendant; rather itrequires a court to assess costs against all convicted defendants.'"State v. Greathouse, Montgomery App. No. 21536, 2007-Ohio-2136, ¶ 81, quoting State v. White, 103 Ohio St.3d 580, 582, 2004-Ohio-5989,817 N.E.2d 393, at ¶ 8. However, the supreme court has clarified that a trial court has the discretion to waive court costs against an indigent defendant. State v. Threatt, 108 Ohio St.3d 277, 282, 2006-Ohio-905,843 N.E.2d 164, ¶ 23.
 {¶ 8} "In all criminal cases, costs must be included in the sentencing entry. R.C. 2947.23(A). The clerk of courts is responsible for generating an itemized bill of the court costs. R.C. 2949.14. However, even if the itemized bill is ready at the time of sentencing, `the specific amount due is generally not put into a judgment entry.'State v. Glosser, 157 Ohio App.3d 588, 2004-Ohio-2966 (Edwards, J., concurring). Therefore, a typical sentencing entry * * * assesses only unspecified costs, with the itemized bill to be generated at a later date." Threatt at ¶ 19.
 {¶ 9} We need only look to the trial court's termination entries to determine whether *Page 4 
the trial court ordered the collection of court costs and restitution from Murillo. "It is well established that the court speaks only through its journal entries, not by its oral pronouncements." State v.DeLong, Montgomery App. No. 20656, 2005-Ohio-1905, ¶ 18, citingSchenley v. Karth (1953), 160 Ohio St. 109, 113 N.E.2d 625.
 {¶ 10} Here, the termination entries read, in part:
 {¶ 11} "The Defendant is ordered to pay complete restitution to _____________ for economic loss in the amount of $_______________, upon which execution is hereby awarded to be paid through the Montgomery County Clerk of Courts."
 {¶ 12} "The defendant is ordered to pay the costs of this prosecution, taxed at $________, upon which execution is hereby awarded to be paid through the Montgomery County Clerk of Courts."
 {¶ 13} By that language, the court ordered that restitution and court costs be paid, although the specific amounts of the restitution and court costs and the person to whom restitution was to be paid were blank.
 {¶ 14} As for court costs, the supreme court has noted that the calculation of court costs and the creation of the bill is merely a ministerial task. Threatt at ¶ 21. Accordingly, the trial court's failure to specify the amount of the court costs in the termination entry does not affect the finality of the court's order. The itemized bill may be calculated later. Moreover, in the absence of a motion by the defendant at sentencing to waive the payment of court costs, the imposition of court costs cannot be challenged on appeal and is governed by res judicata. Id. at ¶ 23. The excerpt of the sentencing hearing that Murillo attached to his reply brief makes no mention of court costs, and there is no evidence in the record that court costs were waived. *Page 5 
Accordingly, the trial court did not err in overruling Murillo's motion to enjoin the collection of court costs.
 {¶ 15} The same cannot be said for restitution. As we stated inDeLong:
 {¶ 16} "There must be sufficient clarity in the court's restitution order. State of Ohio v. Brown, 54 Ohio App.3d 160, 561 N.E.2d 995. Although it may not be necessary to identify each victim by name, particularly in cases with `multiple victims,' at a minimum, the total amount must be journalized and a cogent record must exist as to whom said amount shall be distributed. Failure to do so constitutes plain error." Id. at ¶ 19.
 {¶ 17} Although Murillo's plea agreement indicated that he agreed to pay restitution to Julie Papp, there is no judgment specifying that Murillo was required to pay restitution to Papp in a particular amount. In the absence of a judgment indicating the amount of restitution and the individual to whom it was to be paid, the court has not properly ordered Murillo to pay restitution. The clerk of courts thus cannot attempt to collect restitution from Murillo. We note, parenthetically, that the excerpt of the sentencing hearing that Murillo attached to his reply brief further indicates that no restitution would be ordered.
 {¶ 18} The assignment of error is sustained in part and overruled in part.
 {¶ 19} The judgment of the trial court is affirmed as to court costs and reversed as to restitution.
 BROGAN, J. and DONOVAN, J., concur. *Page 1