[Cite as *State v. Shaw*, 2018-Ohio-3816.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2017-CA-35; |
| | : | 2017-CA-36; 2017-CA-37 |
| v. | : | |
| | : | Trial Court Case Nos. 2016-CR-480; |
| THOMAS R. SHAW | : | 2016-CR-504; 2017-CR-14 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of September, 2018.

. . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, 4th Floor, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

ADAM JAMES STOUT, Atty. Reg. No. 0080334, 2600 Far Hills Avenue, Suite 315, Oakwood, Ohio 45419
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} In this consolidated appeal, Thomas R. Shaw appeals from three judgments of the Greene County Court of Common Pleas, which convicted him of multiple counts of burglary and imposed concurrent sentences totaling five years in prison and restitution.

{¶ 2} Shaw's original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that, after a careful review of the record, he could "find no error by the Trial Court prejudicial to the rights of Appellant and no other meritorious issues that may be argued to this Court on appeal." By entry, we informed Shaw that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. No pro se brief was filed. Upon our independent review, we found at least one non-frivolous issue for review. We therefore set aside the *Anders* brief and appointed new counsel with instructions to review the entire record and raise any issues that he or she found to have arguable merit.

{¶ 3} Shaw, with new appellate counsel, now raises three assignments of error, which address the voluntariness of his plea, the trial court's order of restitution, and the court's award of jail-time credit. For the following reasons, the trial court's judgment in Case No. 2016-CR-480 will be affirmed. The trial court's judgments in Case Nos. 2016-CR-504 and 2017-CR-14 will be reversed as to jail time credit; the matters will be remanded for amended judgment entries of conviction reflecting that Shaw was entitled to 238 days of jail time credit in each of these cases and for the trial court to notify the appropriate prison officials of the amended judgment entries. In all other respects, the judgments in Case Nos. 2016-CR-504 and 2017-CR-14 will be affirmed.

**I. Procedural History**

{¶ 4} In September 2016, Shaw was charged with one count each of burglary and breaking and entering in Case No. 2016-CR-480 and with one count of burglary in Case No. 2016-CR-504. In January 2017, Shaw was charged with two additional counts of burglary in 2017-CR-14. All of the offenses occurred within a two-week period in September 2016.

{¶ 5} The trial court conducted a plea hearing for each case on April 7, 2017, during which Shaw pled guilty to a total of four counts of burglary, some as charged and some as amended; the breaking and entering charge was dismissed. A sentencing hearing for each case was held on June 2, 2017. Before imposing sentence, the trial court heard statements from defense counsel, Shaw, and the prosecutor, and it reviewed sentencing memoranda and a presentence investigation report (PSI).

{¶ 6} Shaw was charged, pled guilty, and was sentenced, as follows:

| Case No. | Offense Date | Original Charge | Convicted Charge | Disposition |
|---|---|---|---|---|
| 2016-CR-480 | 9/14/16 | 2911.12(A)(1) | 2911.12(A)(1) – F2 | 5 years; 238 jail time credit; OASIS recommendation |
| | 9/14/16 | 2911.13(A)(3) | Dismissed | N/A |
| 2016-CR-504 | 9/14/16 | 2911.12(A)(1) | 2911.12(A)(3) – F3 | 2 years + $1,000 restitution; 229 jail time credit |
| 2017-CR-14 | 9/19/16 | 2911.12(A)(1) | 2911.12(A)(1) – F2 | 5 years $337 restitution; OASIS |
| | 9/23/16 | 2911.12(A)(1) | 2911.12(A)(3) – F3 | 2 years |

Shaw's prison sentences were ordered to be served concurrently.

{¶ 7} Shaw appeals from his convictions. We will address his assignments of error in an order that facilitates our analysis. None of Shaw's assignments of error relate to Case No. 2016-CR-480; accordingly, the trial court's judgment in that case will be affirmed without further discussion.

## II. Voluntariness of Shaw's Pleas

{¶ 8} In his third assignment of error, Shaw claims that his pleas were not made knowingly, intelligently, and voluntarily, because the plea agreements failed to identify the victims of the offenses, the basis for the amount of restitution owed, and whether any co-defendants were jointly and severally liable for the restitution. Shaw further states that the restitution of $1,000 in Case No. 2016-CR-504 appeared to be an estimate of the economic loss.

{¶ 9} Crim.R. 11(C)(2) requires the court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *E.g., State v. Kennard*, 2d Dist. Montgomery No.

27681, 2018-Ohio-2752, ¶ 3.

{¶ 10} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *E.g., State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id*. In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

{¶ 11} Furthermore, when non-constitutional rights are at issue, a defendant who challenges his plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. Prejudice in this context means that the plea would otherwise not have been entered. *Id*. at ¶ 15.

{¶ 12} Shaw claims that the trial court erred during the plea hearing in failing to identify the victims who were entitled to restitution, the bases for the amounts of restitution owed, and whether any co-defendants were jointly and severally liable for the restitution. Shaw has not cited to any authority to support his contention that the trial court, at the plea hearing, must address each of these matters, and we infer that Shaw's arguments are drawn from case law regarding what the trial court must address at sentencing in imposing restitution as a financial sanction. We have found no authority that requires the trial court to address each of the above-stated matters at the plea hearing, and we

decline to impose such requirements on the trial courts.

{¶ 13} Moreover, we have previously recognized that "[t]he language of R.C. 2929.18(A)(1) does not specifically restrict the parties from agreeing to an award of restitution that is not provided for in the statute." *State v. Johnson*, 2d Dist. Montgomery No. 24288, 2012-Ohio-1230, ¶ 14 (upholding an award of restitution to an insurance company when the award was made pursuant to the express plea agreement between the State and the defendant).

{¶ 14} At the plea hearing, the trial court reviewed with Shaw the terms of the plea agreements, including the agreements that Shaw pay $1,000 in restitution in Case No. 2016-CR-504 and $337 in restitution in Case No. 2017-CR-14. Shaw orally agreed to the restitution amounts at the plea hearing and in writing on the two relevant plea forms. We find nothing "unclear" about Shaw's agreements to pay restitution of $337 and $1,000 in two cases and we find no basis to conclude that Shaw's pleas were not entered knowingly, intelligently, and voluntarily.

{¶ 15} Shaw's third assignment of error is overruled.

### III. Restitution

{¶ 16} In his first assignment of error, Shaw claims that the trial court erred in ordering him to pay restitution "after acknowledging the Defendant already paid restitution and there is no identification of the victim or there is no verification of the stipulated amount." (Capitalization omitted.)

{¶ 17} R.C. 2929.18(A)(1) gives a sentencing court discretion to order restitution to compensate the victim for economic loss. *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 3, ¶ 20. The amount of restitution may be based on "an

amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." R.C. 2929.18(A)(1); *Lalain* at ¶ 3, ¶ 20.

{¶ 18} However, the amount of restitution cannot be greater than the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense. *Lalain* at ¶ 22 citing R.C. 2929.18(A)(1); *State v. Banks*, 2d Dist. Montgomery No. 20711, 2005-Ohio-4488, ¶ 5 ("A sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted."). Because double recovery would amount to an impermissible economic windfall for the victim, the order of restitution must take account of any offsets to the victim's economic loss and any mitigation of damages in the form of compensation received for the loss. *See State v. Clayton*, 2d Dist. Montgomery No. 22937, 2009-Ohio-7040, ¶ 56.

{¶ 19} A trial court abuses its discretion when it orders restitution that does not bear a reasonable relationship to the actual financial loss suffered. *State v. Woods*, 2d Dist. Clark No. 2015-CA-75, 2016-Ohio-1103, ¶ 10, citing *State v. Williams*, 34 Ohio App.3d 33, 34, 516 N.E.2d 1270 (2d Dist.1986).

{¶ 20} First, Shaw argues that the trial court erred in failing to offset amounts that he had paid in restitution prior to sentencing.

{¶ 21} Speaking on behalf of Shaw at sentencing, defense counsel informed the trial court Shaw had "paid off all of the restitution in this case, even though I had advised him that it wasn't all due to him. Some of it was his codefendants. He wants – he's very sorry for what he did, knows it was wrong and wants to make sure that the victims are

fully compensated. And I have provided documentation to that."

{¶ 22} The trial court imposed restitution of $1,000 in Case No. 2016-CR-504 and $337 in Case No. 2017-CR-14. The trial court did not expressly identify the victims at sentencing in either case, nor did it specify how restitution was to be divided among the different victims in Case No. 2017-CR-14. In addition, in imposing restitution of $1,000, the trial court noted that, "according to counsel[,] Defendant has already paid that restitution." Similarly, in Case No. 2017-CR-14, the trial court stated, "Defendant is ordered to pay restitution in the amount of $337.00 with joint and several liability. The Court notes that defense counsel has represented that Defendant has paid the restitution in this matter."

{¶ 23} In its appellate brief, the State asserts that the trial court's order of restitution was proper, stating:

* * * [Shaw's] payments were deposited with the court prior to sentencing. In order to release that money to the victims in these matters, the court had to order the aforementioned restitution amounts. The proper procedure in this situation was for the court to order restitution and then credit Appellant for the amount he already paid. This was done in these cases. A review of the online docket in 2016 CR 0504, in the financial summary section at the bottom of the page, reveals that Appellant has been credited $1,000.00 for his restitution. He only has $566.00 in court costs remaining. Similarly, a review of the online docket for 2017 CR 0014, in the financial summary section at the bottom of the page, reveals that Appellant has been credited $337.00 for his restitution. All that remains is $514.85 in court

costs. Therefore, the trial court did not err in imposing restitution where it credited Appellant for payments already made.

{¶ 24} The docket sheet for Case No. 2016-CR-504 shows that a "restitution deposit" of $1,000 was made on May 12, 2017. Similarly, the docket sheet for Case No. 2017-CR-14 shows a "restitution deposit" of $337 on the same date. A joint sentencing hearing for both cases was held on June 2, 2017, following which the trial court filed judgment entries, which included the previously-stated orders of restitution.

{¶ 25} On June 6, 2017, the clerk assessed restitution as costs in both cases.[1] The financial summary section of the online docket for 2016-CR-504 currently shows that Shaw owed "costs" of $1,566, of which $1,000 has been paid. Similarly, the online financial summary section for 2017-CR-14 shows that Shaw owed "costs" of $851.85, of which $337 has been paid. *Id.* The record and online docket thus substantiate the State's representation that Shaw made restitution payments to the court (rather than to the victims directly) and that the clerk has credited Shaw for those payments.

{¶ 26} Under the specific facts of this case, the trial court did not err in failing to offset amounts that Shaw had paid in restitution prior to sentencing. Shaw did not make payments directly to the victim, and the funds that Shaw paid to the clerk prior to sentencing were not distributed to the victims before sentencing. Consequently, the victims' economic losses had not been reduced by Shaw's payments before sentencing,

---

[1] Court costs and financial sanctions, such as restitution, are authorized by separate statutes, and they are distinguishable both in how they are assessed and how they are collected. *Compare* R.C. 2929.18 and R.C. 2947.23; s*ee, e.g., State v. Taylor*, 2018-Ohio-2858, __ N.E.3d __, ¶ 8 (2d Dist.) ("[A] trial court's order to pay court-appointed counsel fees is distinguishable from both court costs and financial sanctions, which are also distinguishable from each other."). Because the issue was not raised, we decline to address whether restitution and costs were properly combined for collection.

and the court had no basis to reduce the agreed-upon restitution. To avoid confusion, the trial court may wish, in the future, to note in the judgment entry that amounts previously paid to the court would be applied against the restitution order and ordered to be disbursed to the victims. However, we do not find that the absence of such language, in this case, was erroneous.

{¶ 27} Second, Shaw claims that the trial court's judgment entry is erroneous, because the trial court did not ascertain that the agreed restitution reflected the victims' economic losses. "A defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error in regards to the order of restitution." *State v. Twitty*, 2d Dist. Montgomery No. 24296, 2011-Ohio-4725, ¶ 26. Shaw agreed to the amounts of restitution at the plea hearing, and he did not argue, at any time, that the amounts did not reflect the victims' economic losses. Even assuming, for sake of argument, that the trial court was required to ascertain the victims' economic losses in this circumstance, the PSI indicates that the victims in the two relevant cases incurred "damages" of $1,000 and $337. We find no plain error in the award of those amounts of restitution.

{¶ 28} Finally, Shaw asserts that the trial court erred in failing to identify the recipients of restitution and the amounts they were to receive. The State responds that the trial court was not required to identify the victims to be paid restitution or to delineate, where there were multiple victims, how much of the total restitution was to be made to each victim. The State states in its appellate brief:

Based on counsel's experience, the procedure in Greene County Common

Pleas Court is for the prosecutor's office to submit a form to the probation

department detailing the total amount of restitution requested and to whom the restitution is owed. In cases with multiple victims, the form assigns to each individual victim a portion of the total restitution. Upon the court['s] ordering the total amount of restitution at sentencing, the probation department submits the form to the court personnel that handle restitution. Therefore, it is known who is receiving the restitution and how much they are receiving. These forms are not filed with the clerk's office because they contain personal identifying information of the victims. While the State is aware that this procedure is outside of the record in this case, there is nothing in the record to suggest that this procedure was not followed or that it was inaccurate in any way.

{¶ 29} An order of restitution under R.C. 2929.18(A)(1) is part of a defendant's sentence, and it is well established that a trial court speaks through its journal entries. *E.g., State v. Lowe*, 2d Dist. Clark No. 2016 CA 18, 2017-Ohio-27, ¶ 7; *State v. Friend*, 2d Dist. Montgomery Nos. 26867, 2016-Ohio-5868, ¶ 27. Accordingly, "[t]here must be sufficient clarity in the court's restitution order." *State v. DeLong*, 2d Dist. Montgomery No. 20656, 2005-Ohio-1905, ¶ 19.

{¶ 30} In general, a trial court's order of restitution must indicate the amount of restitution and the individual to whom it is to be paid. *State v. Murillo*, 2d Dist. Montgomery No. 21919, 2008-Ohio-201, ¶ 17 ("In the absence of a judgment indicating the amount of restitution and the individual to whom it was to be paid, the court has not properly ordered Murillo to pay restitution."). We have recognized that it may not be necessary to identify each victim by name. *DeLong* at ¶ 19. However, particularly when

there are multiple victims, the trial court's order should, at a minimum, include the total amount of restitution and "a cogent record must exist as to whom said amount shall be distributed." *Id.* We emphasize that it is the role of the trial court to determine the appropriate amount of restitution for each victim, and when the amount of restitution is in dispute, the trial court's determination of restitution may differ from that proposed by the defendant or the State.

**{¶ 31}** Here, we find that the record is sufficiently clear regarding the restitution order in Case No. 2016-CR-504. That case involved a single charge of burglary, which occurred on September 14, 2016, at an identified residential address. The homeowners are identified in the record, and there is no apparent question as to whom the restitution is owed. The trial court ordered $1,000 of restitution, the amount of loss identified in the PSI and to which the parties agreed.

**{¶ 32}** Case No. 2017-CR-14, in contrast, involved two burglaries at two separate residences. Nevertheless, the PSI reflects that the victims of Count One, who are identify by name and address, were entitled to $337 in restitution. The PSI states that the amount of restitution for the victims of Count Two was $0. The trial court ordered $337 in restitution, as agreed by the parties, and under the specific facts of this case, the record sufficiently identifies which victims were entitled to that money; it appears that the money has been disbursed. Although the better course may have been to identify, in some fashion in the judgment entry, the victims entitled to restitution – and, in some cases, it may be reversible error not to do so – we find no reversible error in this case.

**{¶ 33}** Shaw's first assignment of error is overruled.

**IV. Jail Time Credit**

{¶ 34} In his second assignment of error, Shaw claims that the trial court erred in its application of jail time credit to his concurrent sentences.

{¶ 35} R.C. 2967.191, governing jail time credit, implements the equal protection right to credit for prior incarceration. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440; *State v. Angi*, 2d Dist. Greene No. 2011 CA 72, 2012-Ohio-3840, ¶ 7, citing *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5. The statute provides, in part:

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *.

{¶ 36} "Although the [department of rehabilitation and correction] has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7.

{¶ 37} The Supreme Court addressed the application of jail time credit with concurrent sentences, stating:

[W]hen concurrent prison terms are imposed, courts do not have the

discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be * * * to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.

*Fugate* at ¶ 12.

**{¶ 38}** We discussed the application of *Fugate* in *State v Cole,* 2d Dist. Montgomery No. 23327, 2009-Ohio-4580:

* * * So long as two or more sentences are imposed concurrently, the jail-time credit applicable to each sentence applies to all sentences imposed. Whether the terms of the sentences are identical, as in the present case, or of different lengths, as in *Fugate*, their respective jail-time credits apply to each term of incarceration made concurrent. *On that basis, any shorter jail-time credit for one sentence is subsumed into the longest jail time credit available for any of the concurrent sentences. Otherwise, the defendant is denied the credit to which he is entitled for that longer term.*

(Emphasis added.) *Id.* at ¶ 13.

**{¶ 39}** The trial court informed Shaw at sentencing that he would receive 238 days

of jail time credit in Case No. 2016-CR-480, 229 days of jail time credit in Case No. 2016-CR-504, and no jail time credit in Case No. 2017-CR-14, plus "future custody days while the Defendant awaits transportation to the State institution." The trial court further stated for each case: "Jail time credit is governed by O.R.C. 2967.191, which requires that when multiple terms are imposed consecutively, the credit for each stated term is to be applied to the total term. If Defendant is sentenced to concurrent terms, credit must be applied against each term, because sentences are to be served simultaneously."

**{¶ 40}** The trial court's judgment entries for each case indicated the amount of jail time credit accrued for that individual case. Based on a plain reading of the judgment entries, Shaw received no jail time credit in Case No. 2017-CR-14, 229 days of jail time credit in Case No. 2016-CR-504, and 238 days of jail time credit in Case No. 2016-CR-480. Despite the trial court's general statement of the law regarding how jail time credit was to be applied with concurrent sentences, the judgment entries for Case Nos. 2016-CR-504 and 2017-CR-14 did not specify that, pursuant to *Fugate* and *Cole*, Shaw was entitled to additional days of jail time credit in Case Nos. 2016-CR-504 and 2017-CR-14 as a result of his pre-trial confinement in Case No. 2016-CR-480. By indicating that Shaw was entitled to zero and 229 days of jail time credit in Case Nos. 2016-CR-504 and 2017-CR-14, the trial court failed to properly apply R.C. 2967.191.

**{¶ 41}** We reject the State's argument that Shaw was not entitled to jail time credit in Case No. 2017-CR-14, because the trial court set an "own recognizance" bond in that case. When Shaw was indicted on Case No. 2017-CR-14, he was incarcerated on a $20,000 (no 10%) bond in Case No. 2016-CR-480 and a $25,000 (no 10%) bond in Case No. 2016-CR-504. The trial court's arraignment judgment entry in Case No. 2017-CR-

14 stated that bond was set at "O.R. (in on another)." Shaw remained incarcerated while his three cases were pending. Again, as the supreme court stated, "[s]o long as an offender is held on a charge while awaiting trial or sentencing, the offense is entitled to jail-time credit for that sentence[.]" *Fugate* at ¶ 12. Under the facts of this case, Shaw was entitled to jail time credit in Case No. 2017-CR-14.

{¶ 42} Shaw's second assignment of error is sustained.

### V. Conclusion

{¶ 43} The trial court's judgment in Case No. 2016-CR-480 will be affirmed.

{¶ 44} The trial court's judgments in Case Nos. 2016-CR-504 and 2017-CR-14 will be reversed as to jail time credit; those matters will be remanded for amended judgment entries of conviction reflecting that Shaw is entitled to 238 days of jail time credit in each of these cases and for the trial court to notify the appropriate prison officials of the amended judgment entries. In all other respects, the judgments in Case Nos. 2016-CR-504 and 2017-CR-14 will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J., concurs.

WELBAUM, P.J., concurring in part and dissenting in part:

{¶ 45} I concur with the majority except I disagree that Shaw is entitled to jail-time credit in Case No. 2017-CR-14 for his confinement in Case Nos. 2016-CR-504 and 2016-CR-480. This is because Shaw was granted an own recognizance bond in Case No. 2017-CR-14 and therefore was not held on that charge while awaiting trial or sentencing. In the other two cases, Shaw was confined in lieu of bail.

**{¶ 46}** As noted by the majority, the Supreme Court of Ohio interpreted R.C. 2967.191 as it applies to concurrent sentencing when it stated that:

> [W]hen concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges *on which the offender has been held.* If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be * * * to deny credit for time that an offender was confined *while being held on pending charges.* So long as an offender *is held on a charge* while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.

(Emphasis added.) *Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 12.

**{¶ 47}** In *Cole*, 2d Dist. Montgomery No. 23327, 2009-Ohio-4580, this court held that: "The date on which a subsequent offense was committed is irrelevant to the analysis and result the holding in *Fugate* requires. So long as two or more sentences are imposed concurrently, the jail-time credit applicable to each sentence applies to all sentences imposed." *Id.* at ¶ 13.

**{¶ 48}** However, from the above italicized language in *Fugate*, I believe the correct analysis for determining whether jail-time credit must be included in a concurrent sentence first requires that the offender be "held on" the pending charge. *See State v. Breneman*, 2d Dist. Champaign No. 2015-CA-16, 2016-Ohio-597, ¶ 29-31 (Hall, J., and

Welbaum, J., concurring) (citing a conflict on this issue with the Sixth Appellate District in *State v. Wyburn*, 6th Dist. Lucas No. L-10-1292, 2011-Ohio-5307, ¶16). Therefore, I very respectfully dissent with the majority's decision on the jail-time credit for Case No. 2017 CR 14.

Copies sent to:

Nathaniel R. Luken
Adam James Stout
Hon. Michael A. Buckwalter