[Cite as *State v. Brown*, 2021-Ohio-3347.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                   :

                               No. 110191

    v.                                            :

DONTELLE BROWN,                          :

    Defendant-Appellant.               :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 23, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-641525-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jonathan Block, Assistant Prosecuting Attorney, *for appellee.*

Paul W. Flowers Co., L.P.A., and Louis E. Grube, *for appellant.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Appellant Dontelle Brown ("appellant") appeals from the judgment of the Cuyahoga County Court of Common Pleas imposing certain costs against him and denying him jail-time credit for time spent in confinement resulting from his

violation of postrelease control. After a thorough review of the law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} On June 30, 2019, appellant was arrested for charges of domestic violence, abduction, and intimidation of a crime victim or witness. At the time he was arrested for these charges, appellant was on postrelease control for a prior offense. After he was arrested, he posted bond, and his parole officer began to investigate appellant for violation of his postrelease control.

{¶ 3} Following the investigation by the Adult Parole Authority ("APA"), appellant was sent to Lorain Correctional Institution for a 200-day privilege sanction. It was later determined that appellant had been transported to Lorain Correctional Institution in error, and he was eventually returned to the Cuyahoga County Jail, where he remained until disposition of his case.

{¶ 4} Appellant pled guilty to amended counts of attempted domestic violence and attempted intimidation of a crime victim, both fourth-degree felonies. The trial court sentenced him to 17 months of incarceration on each count, to be served consecutively. The trial court awarded appellant 304 days of jail-time credit. Appellant sought additional credit for the 200 days that he served as a sanction from the APA because he argued that the confinement arose from the same offense for which he was being sentenced. The trial court stated that it believed that it was crediting appellant for that time within the 304 days credited.

**{¶ 5}** Appellant filed the instant appeal, raising two assignments of error for our review:

1. The trial court erred by denying the defendant additional jail time credit.

2. The trial court committed plain error by imposing court costs that were not authorized by law.

## II. Law and Analysis

**{¶ 6}** In his first assignment of error, appellant argues that the trial court erred by not awarding him the full amount of credit for the time he served prior to his sentencing in Lorain Correctional Institution and the Cuyahoga County Jail. Appellant contends that while the trial court properly determined that he should be awarded credit for the time he spent in Lorain Correctional Institution, he actually should have received 521 days of credit for time served in prison or the jail from the time of his arrest until the date of his sentencing, rather than 304.

**{¶ 7}** Specifically, appellant argues that the time he spent in the Cuyahoga County Jail from June 30, 2019 to July 24, 2019, totaled 25 days. He further contends that his time incarcerated again in the Cuyahoga County Jail following the APA sanction, from February 27, 2020 until December 1, 2020, constituted 279 days, for a total of 304 days. Appellant argues that he should have been awarded credit for the entire time he was incarcerated because his violation of postrelease control related to the conduct from which this case arose. This would include the time he spent confined for the APA sanction, for a total of 521 days.

**{¶ 8}** The state asserts that the additional time for which appellant is seeking credit was time served related to a prior offense and therefore should not have been credited in the instant matter.

**{¶ 9}** We agree with the state's position. "[A] defendant is not entitled to credit for time served on unrelated charges dealing with post-release control violations." *Paige v. Wolfe,* 7th Dist. Noble No. 06 NO 337, 2007-Ohio-1117, ¶ 4, citing R.C. 2967.191 ("confined for any reason arising out of the offense for which the prisoner was convicted and sentenced"); *State ex rel. Jordan v. Haskins*, 131 Ohio App.3d 791, 792, 723 N.E.2d 1116 (7th Dist.1998). "Merely because the post-release control violation for a separate offense may have been based upon his commission of the current crime while on release, the time spent as a sanction for the violation does not count as credit toward the current crime." *Paige* at *id.*

**{¶ 10}** Moreover, R.C. 2929.19(B)(2)(g)(1) mandates that "[t]he court's calculation *shall not* include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced." (Emphasis added.) The imposition of a prison sentence for a violation of postrelease control is not a punishment for the new offense, but is a consequence of the original conviction. *State v. English*, 8th Dist. Cuyahoga No. 109645, 2021-Ohio-850, ¶ 25, citing *State v. Black*, 2d Dist. Montgomery No. 24005, 2011-Ohio-1273, ¶ 13.

**{¶ 11}** In *English*, this court noted that when the defendant was sanctioned by the APA for his failure to abide by the conditions of his postrelease control, that

sanction was part of the original sentence for his prior conviction. "[T]his was not a new punishment for the act underlying the violation, but a continuation of the previous judicially imposed sentence in that case." *Id.* at ¶ 27.

{¶ 12} The same can be said in the case sub judice. The 200 days that appellant served at Lorain Correctional Institution were a result of the violation of the postrelease control that had been imposed for a prior offense. Accordingly, this time only applies to the prior offense and cannot count as credit toward his sentence in the case at hand.

{¶ 13} While the trial court stated at the sentencing hearing that it believed it was crediting appellant with the time served on the APA sanction by crediting him with 304 days, the 200 additional days do not appear to be included in its calculation. There is no dispute that appellant is entitled to the 304 days, made up of the time he was confined prior to posting bond and after the completion of his APA sanction; thus, the trial court properly credited appellant with only the time that he spent confined for the instant matter. Appellant's first assignment of error is overruled.

{¶ 14} Appellant's second assignment of error argues that the trial court committed plain error by imposing court costs that were not authorized by law. Specifically, appellant contends that one of the costs imposed upon him was a bail surcharge that was assessed as part of the "reparation fee," under R.C. 2937.22.

{¶ 15} In support of his assertion, appellant points to the trial court's electronic docket, which notes the following on July 20, 2019: "REPARATION FEE

RC 2743.70; 2937.22; 2949.091[;] $85.00." A subsequent entry on the following day notes payment by appellant. On December 1, 2020, the same day that appellant was sentenced, the docket reflects: "REPARATION FEE RC 2743.70; 2937.22; 2949.091."

{¶ 16} Appellant therefore contends that the docket shows that he was improperly charged twice under R.C. 2937.22 He further argues that the reparation fee and the public defender fee were also improperly charged twice.

{¶ 17} The state concedes that it was erroneous to impose a duplicative bail surcharge against appellant and agrees that this matter should be remanded to the trial court to correct the duplicate entry.

{¶ 18} Despite the state's acquiescence, the issue of the particular costs assessed is not before us in the present appeal. With regard to costs, the sentencing entry only states as follows: "The court hereby enters judgment against the defendant in an amount equal to the costs of this prosecution." (Emphasis deleted.)

{¶ 19} "In all criminal cases, costs must be included in the sentencing entry." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 19, citing R.C. 2947.23(A). The responsibility for itemizing the costs of prosecution falls onto the clerk of courts. *Id.*, citing R.C. 2949.14. "[E]ven if the itemized bill is ready at the time of sentencing, 'the specific amount due is generally not put into a judgment entry.'" *Id.*, quoting *State v. Glosser*, 157 Ohio App.3d 588, 2004-Ohio-2966, 813 N.E.2d 1, ¶ 27 (5th Dist.) (Edwards, J., concurring). The typical sentencing entry assesses unspecified costs, and the itemized bill is generated at a later date. *Id.* The

practice of generically imposing costs without the itemization does not affect the finality of the final entry of conviction. *Id.*

{¶ 20} This is because a "judgment for costs in a criminal case is a civil, not a criminal, obligation, and may be collected only by the methods provided for the collection of civil judgments." *Strattman v. Studt*, 20 Ohio St.2d 95, 103, 253 N.E.2d 749 (1969); *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 11. Further, until the clerk attempts to collect or issues a certificate of judgment upon the imposed costs, any attempt to challenge the itemization process is generally deemed premature. *State ex rel. West v. McDonnell*, 139 Ohio St.3d 120, 2014-Ohio-1563, 9 N.E.3d 1030, ¶ 7; *see also Abrams v. Fuerst*, 5th Dist. Richland No. 10-CA-146, 2011-Ohio-1641; *State v. Murillo*, 2d Dist. Montgomery No. 21919, 2008-Ohio-201.

{¶ 21} In this case, the statutorily required itemization of court costs was completed after appellant filed his notice of appeal. Appellant is not appealing the imposition of court costs in general, i.e., his future ability to pay those costs, which must be addressed in the direct appeal or within the court's continuing jurisdiction under R.C. 2947.23(C). *State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235, ¶ 30; *see also State v. Walker*, 8th Dist. Cuyahoga No. 96305, 2011-Ohio-5270, ¶ 11; *State v. Pettway*, 8th Dist. Cuyahoga No. 98836, 2013-Ohio-1348.

{¶ 22} Rather, appellant is challenging the itemization of the costs of prosecution that occurred *following* the issuance of the final entry of conviction, yet he is raising these issues in an appeal arising from his final conviction. Although

appellant refers to the costs itemization in his appellate briefing, it is not part of the appellate record in this matter. As a result, we are unable to review the composition of the final costs the clerk of courts is seeking to collect in order to determine whether the specific portions appellant is challenging comply with the relevant statutory provisions. *See State v. Blankenburg*, 197 Ohio App.3d 201, 2012-Ohio-1289, 966 N.E.2d 958, ¶ 126 (12th Dist.) (noting that any premature challenges of the itemization process in the direct appeal is hampered by the lack of a record).

{¶ 23} We are further unable to determine if appellant was improperly charged twice for the same fees. The trial court's electronic docket reflects that a statement of court costs was sent to appellant at the correctional institution where he is confined; however, this statement is, again, not part of the record before this court. Consequently, appellant's second assignment of error is overruled.

### III. Conclusion

{¶ 24} Appellant was not entitled to jail-time credit for the days that he was confined as a sanction for his violation of postrelease control arising from a prior offense and was properly credited with all of the jail-time credit that related to the present offense. Appellant's first assignment of error is overruled.

{¶ 25} In addition, the issue of what particular fees and costs were assessed against appellant is outside of the record before us and thus, appellant's second assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

SEAN C. GALLAGHER, P.J., CONCURS WITH SEPARATE CONCURRING OPINION;
EILEEN T. GALLAGHER, J., CONCURS WITH MAJORITY AND CONCURS WITH SEPARATE CONCURRING OPINION

SEAN C. GALLAGHER, P.J., CONCURRING:

{¶ 27} I concur fully with the majority decision, but write separately to address concerns raised about the itemization of court costs that took place after final judgment was entered in the case.

{¶ 28} This court recognized in *State v. Tyus*, 8th Dist. Cuyahoga No. 108270, 2020-Ohio-103, that "until the clerk attempts to collect or issues a certificate of judgment upon the imposed costs, any attempt to challenge the itemization process is generally deemed premature." *Id.* at ¶ 19, citing *State ex rel. West v. McDonnell*, 139 Ohio St.3d 120, 2014-Ohio-1563, 9 N.E.3d 1030, ¶ 7. Just as in *Tyus*, Brown is challenging the itemization of the costs of prosecution that is not included in the final entry of conviction, and he is raising this issue in the first instance with this court sitting in review of the final conviction. Because the

itemization of costs is not part of the appellate record, we cannot review the composition of the final costs.  *See id.* at ¶ 21.

{¶ 29} To the extent that Brown believes this creates a scenario that evades review, a judgment for costs in a criminal case is "'a civil * * * obligation'" and "'may be collected only by the methods provided for the collection of civil judgments.'"  *Id.* at ¶ 19, citing *Strattman v. Studt*, 20 Ohio St.2d 95, 103, 253 N.E.2d 749 (1969); *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 11; *see also State v. Webb*, 6th Dist. Erie No. E-18-056, 2020-Ohio-3132, ¶ 13.  Conceivably, any challenge would lie from the clerk's attempt to collect court costs.  *See id.*, citing *State v. Murillo*, 2d Dist. Montgomery No. 21919, 2008-Ohio-201, ¶ 1-4.  However, one would presume a "double charge" could be cleared up with a call or a written request to the clerk's office to resolve the issue.