The STATE ex rel. JORDAN

v.

HASKINS, Warden.

[Cite as *State ex rel. Jordan v. Haskins* (1998), 131 Ohio App.3d 791.]

Court of Appeals of Ohio,
Seventh District, Noble County.

No. 250.

Decided Dec. 15, 1998.

*James B. Jordan, pro se,* for relator.

*Betty D. Montgomery,* Attorney General, and *Donald Gary Keyser,* Assistant Attorney General, for respondent.

---

*Per Curiam.*

This issue arises out of relator's petition for writ of habeas corpus, whereby relator alleges he is wrongfully incarcerated by the state of Ohio.

The facts indicate that relator was arrested and jailed on June 16, 1997 and eventually indicted and convicted under Summit County Common Pleas Court case No. 97–06–1283. While relator was in jail on these charges, he was transferred on June 19, 1997 to the Lorain Correctional Institute to begin serving a prior seven-month sentence in Summit County Common Pleas Court case No. 97–03–0667. After being released in case No. 97–03–0667 he began serving a one-year incarceration for case No. 97–06–1283.

Relator alleges that because he was arrested on June 16, 1997 and has been continuously in custody since that time, that he should have been released on June 15, 1998. Relator refers to his attached commitment papers (*i.e.,* journal entry) of September 1997, case No. CR 97–06–1283, whereby he was "given credit for time served in the Summit County Jail from July 10, 1997 to the date of sentencing, December 22, 1997."

Relator's petition for a writ of habeas corpus is without merit and denied.

■ Relator is correct in his assertion that time spent in jail awaiting trial and commitment should all be credited as time served for any sentence for that crime.

R.C. 2967.191 states in relevant part:

"The department of rehabilitation and correction shall reduce * * * the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."

■ The statute requires that any sentence be reduced by the number of days the prisoner was confined for any reason arising out of the offense for which he was convicted. But a defendant is not entitled to jail time credit for any period of incarceration that arose from facts separate and apart from those on which his current sentence is based. *State v. Smith* (1992), 71 Ohio App.3d 302, 593 N.E.2d 402.

█ Relator has submitted to this court his commitment papers in case No. 97–03–0667, whereby he was sentenced "to serve a definite term of seven (7) months in prison." By relator's own admission, he began serving this sentence about June 19, 1997. Relator has not submitted to this court any evidence of when he was released or finished this sentence. This sentence was for a prior, unrelated conviction from the sentence he is now serving and from which he is claiming that he is wrongfully still jailed. The time served on case No. 97–03–0667 cannot be applied to the sentence in case No. 97–06–1283 since the sentence in 93–03–0667 was unrelated and prior to being sentenced in the instant case.

Relator's petition for writ of habeas corpus is without merit and denied.

Costs taxed against relator.

*Writ denied.*

GENE DONOFRIO, P.J., VUKOVICH and WAITE, JJ., concur.