OPINION
{¶ 1} Defendant, Wyatt Williams, appeals from a final judgment of the court of common pleas that revoked his community control status and imposed three concurrent twelve month prison terms on a finding that Williams violated two of his community control sanctions. *Page 2 
 {¶ 2} Williams was charged by indictment in 2004 with six counts of nonsupport of his dependants in violation of R.C. 2919.21(B). Williams entered guilty pleas to all six charges. The trial court imposed sentences the parties jointly recommended. Williams was ordered to serve a six month prison sentence for each of the offenses charged in counts one, two, and three of the indictment, to be served consecutively, for an aggregate term of eighteen months. He was ordered to serve a five year term of community control for the offenses charged in counts four, five, and six upon his release from prison. The community control sanctions included requirements to pay Williams' obligations for child support and restitution.
 {¶ 3} Williams served his eighteen month prison term and was released in 2006. On September 17, 2007, his probation officer filed a motion and affidavit alleging that Williams violated his community control sanctions by failing to pay child support and restitution.
 {¶ 4} Prior to the court's hearing on the causes of the community control violations alleged, Williams raised the issue of whether he was entitled to a credit for the eighteen months he had served in prison against any new prison term the court would impose on a finding that he violated his community control sanctions. The State opposed the request. Williams *Page 3 
filed a memorandum in support of his request.
 {¶ 5} On January 28, 2008, the trial court denied Williams' request, finding that per R.C. 2967.191 any such credit must be granted by the Ohio Adult Parole Authority, and that a credit could not apply because the prior eighteen month aggregate prison term was imposed for offenses separate and distinct from those other offenses for which community control had been ordered. The court stated that Williams would be credited with any time he spent in jail following and as a result of charges that he violated his community control sanctions.
 {¶ 6} Williams admitted the alleged violations of his community control sanctions on March 19, 2008. The court revoked Williams' community control status and imposed concurrent twelve-month prison terms for each of the three offenses charged in counts four, five and six of the indictment to which Williams had entered guilty pleas in 2004. The court granted twenty-six days of jail time credit against the twelve months terms. Williams filed a notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT OVERRULED THE DEFENDANT'S MOTION AND REPLY MEMORANDUM FILED JANUARY 18, 2008." *Page 4 
 SECOND ASSIGNMENT OF ERROR
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED THE DEFENDANT'S MOTION AND REPLY MEMORANDUM FILED DECEMBER 12, 2007."
 {¶ 9} These assignments of error involve the same issue of law: whether Williams is entitled to credit for the eighteen months he previously served in prison against the new, twelve month prison terms the court imposed. We agree with the trial court that Williams is not entitled to that credit.
 {¶ 10} "[W]here, for whatever reason a defendant remains in jail prior to his trial [,] he must be given credit on the statutorily fixed sentence ultimately imposed for all periods of actual confinement."White v. Gilligan (S.D. Ohio 1972), 351 F.Supp 1012, 1014. However, where the previous incarceration arose out of a set of facts separate and apart from the conviction or convictions on which the sentence is imposed, the credit is inapplicable. State ex rel. Jordan v.Haskins (1998), 131 Ohio App.3d 791.
 {¶ 11} R.C. 2967.191 codifies the rule of White. State v. Nagy, Greene App. No. 2003CA21, 2003-Ohio-6903. Though per that section the Adult Parole Authority grants the credit when the credit applies, the sentencing court must determine the number of days for which the defendant is entitled to a *Page 5 
credit. State ex rel. Rankin v. Ohio Adult Parole Authority,98 Ohio St.3d 476.
 {¶ 12} Counts one, two, and three of Williams' indictment charge violations of R.C.2919.21(B) that occurred between April 1, 2002 and December 31, 2002. The eighteen months Williams served was for those three offenses. Counts four, five, and six charge violations of R.C. 2919.21(B) that occurred between January 1, 2003 and June 13, 2004. The three twelve-month sentences the court imposed in the present case were for the latter three offenses.
 {¶ 13} Crim. R. 8(A) provides that two or more offenses may be charged in the same indictment. "A sentence is the sanction or combination of sanctions imposed for each separate offense." State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245.
 {¶ 14} The particular sentences that in combination comprise the eighteen month aggregate prison term that Williams served were imposed for offenses separate and apart from those offenses for which the court imposed the later twelve month sentences. Because those prison terms as well as the offenses for which they were imposed are separate and distinct, Williams is not entitled to a credit against the later twelve month terms for the eighteen months he previously served. State ex rel.Jordan v. Haskins. The trial court did *Page 6 
not err when it denied the determination of a credit available pursuant to R.C. 2967.191 that Williams' motion requested.
 {¶ 15} The assignments of error are overruled. The judgment of the trial court will be affirmed.
DONOVAN, P.J. And WOLFF, J., concur.
(Hon. William H. Wolff, Jr., retired from the Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.) *Page 1