[Cite as *State v. Prince*, 2016-Ohio-2724.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 103265

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DERRICK PRINCE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART,
VACATED IN PART, REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-583469-B

**BEFORE:** S. Gallagher, J., E.T. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 28, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: John T. Martin
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Gregory J. Ochocki
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant Derrick Prince appeals from the sentence imposed for his violation of community control sanctions in Cuyahoga C.P. No. CR-14-583469-B. Upon review, we vacate the sentence in part and remand the matter for correction of the journal entry.

**{¶2}** In Cuyahoga C.P. No. CR-14-583469-B ("the new case"), appellant was charged under a multicount indictment. He pled guilty to an amended charge of attempted drug possession in violation of R.C. 2923.02 and 2925.11, a felony of the fifth degree, and the remaining counts were nolled. At the time of the offense, appellant was under a five-year term of postrelease control in another felony case, Cuyahoga C.P. No. CR-12-568662-A ("the earlier case"). He was placed on postrelease control in the earlier case on November 9, 2013.

**{¶3}** At sentencing in the new case on September 2, 2014, the trial court did not impose a prison term. The offense was punishable by a maximum of 12 months in prison. Instead, the trial court sentenced appellant to three years of community control. The trial court stated:

> I'm going to give you one shot at probation. If you fail, I'm going to sentence you to five years at Lorain Correctional [Institution]. I will put the four years of post-release control on the 12 months of the sentence * * *.

**{¶4}** The trial court's journal entry also indicated that a violation of the terms and conditions of the community control sanctions "may result in more restrictive sanctions as approved by law (12 months plus 4 years [postrelease control] that he is presently on)."

**{¶5}** On June 18, 2015, appellant appeared before the court and admitted to the community control violation after testing positive for marijuana and failing to maintain a "B" average in school. The trial court imposed a sentence of six months for the community control violation in the new case, plus four years for the postrelease control violation in the earlier case.[1]

**{¶6}** Appellant timely filed this appeal. Under his sole assignment of error, appellant claims the trial court erred by imposing the additional four years of prison attendant to the postrelease control violation in the earlier case.

**{¶7}** A trial court has authority to impose a prison term or sanction for a postrelease control violation in an earlier felony case upon a new felony conviction consistent with the requirements of R.C. 2929.141. It provides, in relevant part:

> (A) *Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony*, the court may terminate the term of post-release control, and the court *may* do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:
>
> (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the

---

[1] We note that at the time the trial court imposed the sentence for the community control violation in the new case, appellant had less than three and a half years of postrelease control remaining in the earlier case.

violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

(Emphasis added.) R.C. 2929.141(A).

**{¶8}** Where the language of a statute is clear and unambiguous, we are bound to enforce the statute as written. *Spencer v. Freight Handlers, Inc.*, 131 Ohio St.3d 316, 2012-Ohio-880, 964 N.E.2d 1030, ¶ 16, citing *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 14. By its terms, R.C. 2929.141 applies "[u]pon the conviction of or plea of guilty to" a new felony offense by a person who is on postrelease control from an earlier felony conviction. In such a case, R.C. 2929.141(A)(1) allows a trial court, in addition to imposing a prison term for the new felony, to impose a consecutive prison term as specified for the violation of postrelease control for the earlier felony. Alternatively, R.C. 2929.141(A)(2) allows a trial court to impose an additional community control sanction for the postrelease control

violation, to be served concurrent with or consecutive to any community control sanctions for the new felony.

**{¶9}** In this case, at the time appellant was originally sentenced for the felony in the new case, the trial court did not elect to terminate the postrelease control for the earlier felony and impose a prison term to be served consecutively with a prison term imposed for the new felony. Rather, the trial court imposed a three-year community control sanction for the new felony and did not impose any additional community control sanctions for the earlier felony.

**{¶10}** R.C. 2929.141 has no application to appellant's subsequent violation of community control. Rather, R.C. 2929.15(B) applies to a violation of community control sanctions and instructs as follows:

> (1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:
>
> (a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;
>
> (b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code;
>
> (c) A prison term on the offender pursuant to section 2929.14 of the Revised Code.
>
> (2) *The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed*

*the prison term specified in the notice provided to the offender at the sentencing hearing* pursuant to division (B)(2) of section 2929.19 of the Revised Code. The court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed.

(Emphasis added.)

{¶11} Thus, R.C. 2929.15(B) permits the trial court to impose a prison term upon the defendant for a community control violation, but the prison term must be "within the range of prison terms available for the offense for which the sanction that was violated was imposed and [does] not exceed the prison term specified in the notice provided to the offender at the sentencing hearing * * *." R.C. 2929.15(B)(2). Here, the underlying offense was a fifth-degree felony, which has a sentencing range between six and twelve months pursuant to R.C. 2929.14(A)(5).

{¶12} To the extent the trial court misinformed appellant at his original sentencing in the new case that a violation of community control would result in a five-year sentence, the trial court lacked authority to impose such a sentence. The prison term imposed could not exceed the sentencing range for the offense for which the community control sanction that was violated was imposed. R.C. 2929.15(B)(2).

{¶13} The trial court erred in purporting to act under R.C. 2929.141 to impose an additional prison sanction in this matter, and it lacked authority to impose a judicial

sanction for the postrelease control violation. Nevertheless, as appellant concedes, he remains subject to the parole board for the violation of postrelease control attendant to having marijuana in his system and can be administratively punished as provided in R.C. 2967.28.

{¶14} Upon our review, we find the trial court imposed a sentence that was contrary to law. The additional four-year sentence purportedly imposed for the postrelease control violation in the earlier case is vacated. Appellant's sentence in the new case is limited to the six-month prison term imposed for the community control violation in that case. The case is remanded for correction of the journal entry in conformance herewith.

{¶15} Sentence vacated in part; case remanded.

It is ordered that appellant and appellee share costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR