[Cite as *State v. Hayes*, 2018-Ohio-2749.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27730 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-3861/7 |
| | : | |
| CLINTON HAYES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of July, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL SCARPELLI, Atty. Reg. No. 0093662, Assistant
Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division,
Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, P.O. Box 291771, 101 Southmoor Circle
NW, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Clinton Hayes, was indicted on fourteen felonies as follows: one count of engaging in a pattern of corrupt activity, a first degree felony; three counts of trafficking in heroin, felonies of the fourth degree; three counts of possession of heroin, felonies of the fourth degree; two counts of trafficking in heroin, felonies of the fifth degree; two counts of possession of heroin, felonies of the fifth degree; possession of heroin, a third degree felony; possession of cocaine, a fifth degree felony, and one count of having weapons while under disability, a third degree felony.

{¶ 2} Hayes filed a motion to suppress evidence seized as the result of the execution of a search warrant at 921 Geneva Road, Dayton. The trial court overruled the suppression motion.

{¶ 3} The parties, thereafter, engaged in plea negotiations resulting in a plea agreement. Hayes, under the agreement, pleaded guilty to the amended lesser included offense of attempted engaging in a pattern of corrupt activity, a second degree felony, three counts of trafficking in heroin, fourth degree felonies, one count of possession of heroin, a third degree felony, and one count of having weapons while under disability, a third degree felony. The remaining counts were dismissed, and it was agreed that Hayes would serve a three-year prison term with no possibility that judicial release would reduce the prison term. Though this was the agreement, the prosecuting attorney stated at the plea hearing, "[i]n this case * * * Hayes does have some prior F1 or 2s [referring to convictions involving first or second degree felonies] so a prison term would be mandatory anyway." This statement prompted no response from Hayes or his trial counsel.

{¶ 4} The trial court, after the plea agreement was set forth, engaged Hayes in a

Crim.R. 11 colloquy resulting in the trial court's acceptance of Hayes's guilty pleas to the indicated offenses.  The trial court, as part of the plea discussion, asked Hayes if he understood "that based upon the mandatory nature of some counts and based upon the agreement there will be a prison sentence[.]"  Hayes responded, "[Y]es sir."  The plea form, in addition, stated "Agreed 3 years * * * no judicial release[,]" but the box indicating that the prison term was mandatory was not marked.

{¶ 5} The trial court, at the sentencing hearing, imposed the agreed upon, and mandatory, three-year prison term, with the trial court informing Hayes that the prison term was mandatory.   Hayes received 56 days of jail time credit.   Hayes, thereafter, filed a motion requesting recalculation of the jail time credit, and this motion was overruled. The trial court also informed Hayes at the sentencing hearing that he was not eligible for shock incarceration and intensive program prison, with this ineligibility being reflected in Hayes's termination entry.   This appeal followed, and we appointed counsel.

{¶ 6} Appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) stating that he could "find no error by the trial court prejudicial to the rights of [Hayes] which may be argued * * * on appeal." Appellate counsel, consistent with his duties under *Anders*, set forth three potential assignments of error as follows: (1) whether the trial court erred "by failing to explicitly label [Hayes's] sentence for attempt[ed] engaging in a pattern of corrupt activity as [requiring a] mandatory [prison term]"; (2) whether the trial court erred by not granting Hayes approximately 161 days of jail time credit "for the time [he] was incarcerated in prison by reason of a sentence previously imposed for a different offense"; and (3) whether the trial court's findings disapproving shock incarceration and intensive program

prison were "inadequate." Appellate counsel, in the concluding section of the *Anders* brief, requested leave to withdraw as Hayes's appellate attorney.

{¶ 7} In an order filed on March 30, 2018, we informed Hayes of the *Anders* filing and further informed him of his right to file a pro se brief within sixty days of March 30. Hayes has not filed a brief.

{¶ 8} Consistent with our duty under *Anders*, we have carefully reviewed the potential assignments of error articulated by the *Anders* brief. The potential assignments of error are discussed below in the order they were discussed in the *Anders* brief.

{¶ 9} Turning first to the trial court's "failure" to "explicitly label" Hayes's sentence as a sentence which requires a mandatory prison term, we determine that this failure does not raise an issue that has potential appellate merit. Hayes, based upon his guilty plea to a second degree felony and his previous conviction for a second degree felony possession of heroin offense, had to be sentenced to prison under R.C. 2929.13(F)(6). However, the parties, irrespective of the R.C. 2929.13(F)(6) mandate, agreed to a three-year prison term with no possibility of judicial release. It was, given this, not incumbent upon the trial court to inform Hayes that a prison term was mandatory. Nonetheless, Hayes, at both the plea and sentencing hearings, was so informed, and he indicated he understood. The fact that the plea form box indicating that a prison term is mandatory was not checked does not create a potentially meritorious argument that Hayes's plea was less than knowing and voluntary or otherwise deficient in any fashion.

{¶ 10} We also find no potentially meritorious appellate argument regarding Hayes's receipt of 56 days of jail time credit. This potential assignment of error suggests that Hayes may, instead of 56 days, be entitled to approximately 161 days of credit based

upon his concurrent prison incarceration in another case with his pre-trial incarceration in this case. A defendant has an equal protection right to credit against any prison term for any period of pre-trial incarceration, with this equal protection right being codified at R.C. 2967.191. *State v. Nagy*, 2d Dist. Greene No. 2003-CA-21, 2003-Ohio-6903, ¶ 3 - 4. A defendant, however, is not entitled to jail time credit for pre-trial incarceration that is concurrent with incarceration resulting from a separate, distinct offense. *Id.* at ¶ 4, citing *State ex rel. Jordan v. Haskins*, 131 Ohio App.3d 791, 723 N.E.2d 1116 (7th Dist. 1998). Hayes's suggestion, given the above discussion, that he may be entitled in this case to jail time credit for pre-trial incarceration that occurred concurrently with incarceration in a separate case is without arguable appellate merit.

{¶ 11} Hayes's final suggested assignment of error is that the trial court's findings disapproving shock incarceration and intensive program prison were not adequate. A defendant, under R.C. 5120.032(B)(2)(a) (intensive program prison) and R.C. 5120.031(A)(4) (shock incarceration), is not eligible for either intensive program prison or shock incarceration if his prison term includes a sentence for, among other disqualifying offenses, a second degree felony. As discussed, Hayes's prison term included a three-year sentence for attempted engaging in a pattern of corrupt activity, a second degree felony. Given this, any argument that the trial court's intensive program prison and shock incarceration findings were inadequate is frivolous.

{¶ 12} In addition, we have performed our duty under *Anders* to conduct an independent review of the entire record. In doing so, we have thoroughly reviewed the *Anders* brief, the trial court docket, the various filings made in the trial court, the plea and sentencing transcripts, and the sentencing entries and orders. This review has not

revealed any potentially meritorious appellate issues.

**{¶ 13}** Having found no non-frivolous issue for appellate review, counsel's motion to withdraw is granted, and the judgment of the Montgomery County Court of Common Pleas is affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Michael Scarpelli
J. David Turner
Clinton Hayes
Hon. Timothy N. O'Connell