[Cite as *State v. Eischen*, 2021-Ohio-23.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-18-1263

    Appellee                                  Trial Court No. CR0201602267

v.

Gary Allen Eischen                           **DECISION AND JUDGMENT**

    Appellant                                 Decided:  January 8, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Gary Allen Eischen, appeals from the November 29, 2018 judgment of the Lucas County Court of Common Pleas, which revoked his community control sanction and sentenced him to a 14-month prison term, to be served consecutive to a judicial sanction of 1146 days imposed for violation of his postrelease control sanction imposed in a prior action.

{¶ 2} In 2015, appellant was convicted of gross sexual imposition, a felony of the fourth degree, and was sentenced to 17 months in prison. He was classified as a Tier I sex offender. The conviction also carried a mandatory five-year term of postrelease control. Appellant completed his sentence in approximately February 2016, and was placed on postrelease control.

{¶ 3} On July 11, 2016, appellant was convicted of a lesser included offense of attempted failure to notify, R.C. 2923.02, 2950.05(A) and (F)(2), and 2950.99(A)(1)(a), a felony of the fourth degree, because he failed to verify his current address with the Lucas County Sheriff's Office as required by his Tier I sex offender classification. The court informed appellant at the plea hearing that his plea could constitute a violation of appellant's postrelease control sanction and the court could impose a sentence based on the remaining time. However, when appellant was sentenced, the court imposed a four-year community control sanction for the attempted failure to notify offense and did not impose a sentence for the violation of postrelease control. The court further notified appellant that if he violated the terms of his community control sanction, the court could sentence him to 14 months in prison.

{¶ 4} On January 9, 2018, appellant admitted to a community control violation, failing to report to his parole officer, without a hearing. Appellant failed to appear for sentencing but was subsequently arrested and sentenced on November 29, 2018, to 14 months in prison pursuant to R.C. 2929.19(B)(2)(f) on the community control violation. Furthermore, the court found appellant's failure to report was also a violation

of his postrelease control conditions.  Therefore, the trial court imposed an additional prison term of 1146 days, to be served consecutive to the 14-month sentence.

{¶ 5} Appellant appeals and asserts a single assignment of error:

Appellant's sentence is contrary to law.

{¶ 6} Appellant first argues the imposition of a 14-month sentence for violation of his community control sanction.  He asserts the violation was a technical violation, not a new felony offense, and R.C. 2929.15(B)(1)(c)(ii) applies.  He asserts that the trial court never made a determination of whether the failure to notify conviction was a technical or non-technical violation.  Therefore, he argues, the trial court was limited to imposing only a term of 180 days.  Appellant acknowledges that he never challenged the sentence in the trial court, but asserts it constitutes plain error on appeal.

{¶ 7} Plain errors will be considered on appeal only if:  1) there was actual error, 2) the error is obvious from the record, and 3) the error affected substantial rights, which requires we find beyond a reasonable doubt that but for the error, the outcome of the trial would have been otherwise.  *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16.

{¶ 8} Pursuant to R.C. 2929.15(B)(1)(c), if an offender violates the terms of his community control sanction imposed for a fourth-degree felony conviction, the sentencing court may impose a penalty, including a prison term pursuant to R.C. 2929.14, subject to the limitation:

3.

(ii) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed one hundred eighty days.

{¶ 9} At issue in this case is whether the failure of the trial court to determine if there was a technical violation restricts the court's ability to impose a prison term of more than 180 days.

{¶ 10} The term "technical violation" is not defined in R.C. 2929.15. The Ohio Supreme Court rejected the narrow view that the community control violation is a "technical violation" unless it constitutes a new felony offense. *State v. Nelson*, Slip Opinion No. 2020-Ohio-3690, ¶ 18. Furthermore, the Ohio Supreme Court has held that the determination of whether or not the violation of a specific community control condition is a technical violation must be left to the discretion of the trial court, which is in a better position to determine if the nature of the condition imposed in each particular case is a rehabilitative requirement or a general administrative requirement. *State v. Castner*, Slip Opinion No. 2020-Ohio-4950.

{¶ 11} Furthermore, in *State v. Calhoun*, 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, ¶ 27-30, we found that "a willful violation of the conditions of a probation

4.

sanction was not a technical violation." *Id*. at ¶ 32, citing *State v. Puhl*, 6th Dist. Wood No. WD-96-059, 1997 WL 224972, *1-2, *5-6 (May 2, 1997). We also recognized that where the trial court did not make a determination of whether or not the community control violation was a technical violation, and the offender did not object, we would not find plain error occurred when the record lacks substantial evidence of a "technical violation." *Id*. at ¶ 33.

{¶ 12} Applying the rationale of the *Calhoun* case, we find plain error has not been established in this case regarding the imposition of a penalty for the violation of a community control condition by willfully failing to report to a probation officer. Appellant was initially convicted in 2016 of the reduced charge of attempted failure to report his address to the sheriff as a Tier I sex offender. The court imposed a community control sanction. Shortly after appellant was released from the correction facility in 2017, where he had been serving 60 days for another conviction, appellant failed to contact his parole officer and his whereabouts were unknown. A warrant was issued and on January 9, 2018, appellant appeared to admit to the community control violation of failing to report to his parole officer without a hearing. Subsequently, he did not appear for sentencing on the community control violation, despite having been allowed a continuance with the warning that during the interim he had better make progress on his compliance with the community control conditions. The court issued a warrant for appellant's arrest and he was apprehended approximately seven months later. He later

5.

admitted he had failed to appear because he was afraid the court would impose a sentence for violation of his postrelease control.

{¶ 13} Viewing the record as a whole, it is clear appellant's failure to register his address as a Tier I sex offender, failure to comply with his community control sanction to report to his probation officer, failure to appear for sentencing on the community control violation, and failure to comply with any of the community control conditions for another seven months until his apprehension represented a pattern of willful violation of court orders to avoid the requirements imposed upon him by the court. This was not a case where the offender merely missed a single meeting with his probation officer. Therefore, we find insufficient evidence to warrant a finding of plain error.

{¶ 14} Appellant also argues that the trial court committed error when it imposed a prison term for the violation of a condition of postrelease control. He contends the trial court could have terminated his postrelease control sanction in 2016 when he committed a second felony offense, attempted failure to notify. However, the court did not do so and lacked authority to terminate his postrelease control sanction for the violation of a community control sanction imposed as a sentence for the 2016 felony offense.

{¶ 15} R.C. 2929.141 provides that when an offender who is convicted of or pleads guilty to the commission of a felony while on postrelease control, the court may terminate the term of postrelease control, and impose, in addition to a prison term for the new felony, a prison term for the postrelease control violation and the two sentences must be ordered to be served consecutively. R.C. 2929.141(A)(1). Alternatively, the court can

6.

impose a new sanction for the postrelease control violation under R.C. 2929.15 to 2929.18 "that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony." R.C. 2929.141(A)(2).

{¶ 16} R.C. 2929.141 does not authorize a trial court to terminate a postrelease control sanction upon the violation of a community control sanction. *State v. Prince*, 8th Dist. Cuyahoga No. 103265, 2016-Ohio-2724, ¶ 12-13. The plain language of R.C. 2929.141(A) requires that the offender on postrelease control have committed another felony. The violation of the community control sanction in this case did not involve a felony offense.

{¶ 17} Therefore, we find appellant's sole assignment of error well-taken.

{¶ 18} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Lucas County Court of Common Pleas is reversed because the trial court could not terminate appellant's postrelease control. The sentence of 1146 days imposed for violation of his postrelease control is vacated. This case is remanded to the trial court for resentencing because the trial court cannot terminate a postrelease control sanction for the violation of a community control sanction. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

_____
Gene A. Zmuda, P.J. _____ JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.