[Cite as *State v. Lucas*, 2022-Ohio-84.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                               :

    Plaintiff-Appellee,              :

                                           No. 110421

    v.                                            :

KRISTOPHER LUCAS,                            :

    Defendant-Appellant.            :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
                  AND REMANDED
**RELEASED AND JOURNALIZED:** January 13, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-654668-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Eric Collins, Assistant Prosecuting
Attorney, *for appellee.*

Paul W. Flowers Co., L.P.A., and Louis E. Grube, *for
appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Kristopher Lucas ("Lucas") appeals the trial
court's decision to not reduce Lucas's postrelease-control sanction and award him

jail-time credit. We affirm in part, reverse in part, and remand to the trial court to reduce the postrelease-control sanction.

{¶ 2} Lucas pleaded guilty to one count of domestic violence, a fourth-degree felony, in violation of R.C. 2919.25(A). The trial court sentenced Lucas to 12-months' imprisonment. Additionally, as a judicial sanction the trial court ordered Lucas to serve a three-month consecutive sentence for violating postrelease-control in three other prior cases for a total of 15-months' imprisonment.

## I.    Facts and Procedural History

{¶ 3} On February 17, 2020, Lucas committed the offense of domestic violence against the victim after she refused to be intimate with him. Lucas was on postrelease-control in three additional cases at the time of the domestic violence offense. On February 9, 2021, Lucas entered into a plea agreement and the remaining four charges were nolled. On March 11, 2021, at sentencing the trial court terminated postrelease-control on three cases but sentenced Lucas to three additional months in prison for violating his postrelease-control. The trial court also noted that Lucas would receive credit for time served.

{¶ 4} Lucas explained to the trial court that he had previously served 11 months in prison as a sanction that was imposed by the parole board for the current incident. The trial court, in its corrected journal entry, stated, in part:

> Defendant to receive jail time credit for 49 day(s), to date. * * * Court terminates postrelease control in all cases and imposes three months LCI (total for all three cases) to be served consecutively to the sentence impose in this case. Total prison term is * * * 15 months * * *.

Journal entry No. 116813956 (Apr. 20, 2021).

**{¶ 5}** Lucas filed this appeal assigning two errors for our review:

I.      The trial court erred by failing to reduce the postrelease control sanction; and

II.     The trial court committed plain error by failing to provide sufficient jail-time credit.

**{¶ 6}** The state concedes the first error.

## II.    Postrelease-Control Sanctions

**{¶ 7}** In Lucas's first assignment of error, he argues that the trial court erred by failing to reduce the postrelease-control sanction. We note that the state has conceded this assignment of error. However, "[a] trial court has authority to impose a prison term or sanction for a postrelease control violation in an earlier felony case upon a new felony conviction consistent with the requirements of R.C. 2929.141." *State v. Prince*, 8th Dist. Cuyahoga No. 103265, 2016-Ohio-2724, ¶ 7. However, "[i]n all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction." *Id*; R.C. 2929.141(A)(1).

**{¶ 8}** According to the record, Lucas was arrested in February 2020, and jailed until November 2020, as a result of the parole board's sanction. Despite serving eight months of an administratively imposed sentence, the trial court sentenced Lucas to three months' imprisonment as a postrelease-control sanction. The three-month sentence was to be reduced by the administrative time already served, thus reducing the sanction time to time served or zero months.

**{¶ 9}** Therefore, the trial court erred by failing to reduce the postrelease-control sanction. The first assignment of error is sustained.

## III. Jail-time Credit

### A. Standard of Review

**{¶ 10}** A review of the record reveals that Lucas did not file a motion with the trial court requesting the calculation of jail-time credit, nor did he object at sentencing, requesting jail-time credit. "Therefore, we review the trial court's failure to award jail-time credit for plain error." *Bratenahl v. Eldridge*, 8th Dist. Cuyahoga No. 109520, 2021-Ohio-1083, ¶ 8, citing *State v. Williams*, 8th Dist. Cuyahoga No. 105903, 2018-Ohio-1297, ¶ 10. "This court has previously held that a trial court's failure to calculate jail-time credit and include it in the body of the sentencing order constitutes plain error." *Id.*, citing *Williams* at ¶ 15.

**{¶ 11}** In order for this court to decide that plain error has occurred, it "requires a showing that there was 'an error, that the error was plain or obvious, that but for the error the outcome of the proceeding would have been otherwise, and that reversal [is] necessary to correct a manifest miscarriage of justice.'" *State v. Speights*, 8th Dist. Cuyahoga No. 109733, 2021-Ohio-1194, ¶ 13, quoting *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7, *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 2. "The party asserting plain error 'bears the burden of proof to demonstrate plain error on the record.'" *Id.*, quoting *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22, citing *Quarterman* at ¶ 16. "[A]ppellate courts are to notice plain

error only in 'exceptional circumstances' in order to prevent 'a manifest miscarriage of justice.'" *Id.*, quoting *State v. Keslar*, 8th Dist. Cuyahoga No. 107088, 2019-Ohio-540, ¶ 21.

### B.    Law and Analysis

{¶ 12}  In Lucas's second assignment of error, he contends that the trial court committed plain error by failing to provide sufficient jail-time credit.  The trial court awarded Lucas 49 days in jail-time credit, but Lucas argues that the trial court should have awarded him the eight months that he spent in prison on the postrelease-control violation.  Lucas argues that he is entitled to jail-time credit because R.C. 2967.191(A) states:

> The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *.

{¶ 13}  Lucas cites *State v. Maynard*, 10th Dist. Franklin No. 08AP-43, 2008-Ohio-3829, in support of his contention.  However, Lucas misstates the facts in *Maynard*.  In *Maynard*, the defendant was convicted of one count of possession of cocaine and sentenced to three years of community control.  *Id.* at ¶ 1.  The defendant's probation officer filed a motion to revoke the defendant's community control because the defendant failed to contact the probation department and had been convicted of three additional misdemeanors.  *Id.* at ¶ 2.  "Defense counsel stipulated the violations of community control, but challenged the trial court's assessment of jail-time credit."  *Id.* at ¶ 4.  The trial court revoked the defendant's

community control and credited the defendant with jail time. *Id.* at ¶ 5. "The court averred that its judgment entry would reflect that appellant was presently serving jail time on the soliciting convictions and that it would not award jail-time credit for those cases." *Id.*

{¶ 14} The court in *Maynard* held that because the defendant was held on postrelease-control sanctions *and* the solicitation convictions concurrently, jail-time credit was appropriate. "When a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at ¶ 12. However, Lucas was not serving his postrelease-control sanction jail time concurrently with time from the new domestic violence infraction. Therefore, his reliance on *Maynard* is misplaced.

{¶ 15} The state argues, however, that Lucas is not entitled to jail-time credit because he served previous jail time for postrelease-control violation on a previous offense. The state contends that Lucas is not entitled to jail-time credit for any period of incarceration that arose from facts that are separate and apart from those on which the current sentence is based.

{¶ 16} We agree that "'a defendant is not entitled to credit for time served on unrelated charges dealing with postrelease control violations.'" *State v. Brown*, 8th Dist. Cuyahoga No. 110191, 2021-Ohio-3347, ¶ 9, quoting *Paige v. Wolfe*, 7th Dist. Noble No. 06 NO 337, 2007-Ohio-1117, ¶ 4, citing R.C. 2967.191 ("'confined for any reason arising out of the offense for which the prisoner was convicted and sentenced'"); *State ex rel. Jordan v. Haskins*, 131 Ohio App.3d 791, 792, 723 N.E.2d

1116 (7th Dist.1998). "'Merely because the postrelease control violation for a separate offense may have been based upon his commission of the current crime while on release, the time spent as a sanction for the violation does not count as credit toward the current crime.'" *Id.*, quoting *Paige* at *id.*

{¶ 17} "Moreover, R.C. 2929.19(B)(2)(g)(1) mandates that '[t]he court's calculation *shall not* include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced.'" (Emphasis added.) *Id.* at ¶ 10, quoting R.C. 2929.19(B)(2)(g)(1). "The imposition of a prison sentence for a violation of postrelease control is not a punishment for the new offense, but is a consequence of the original conviction." *Id.*, citing *State v. English*, 8th Dist. Cuyahoga No. 109645, 2021-Ohio-850, ¶ 25.

{¶ 18} Lucas's postrelease-control violation was imposed on an earlier offense, not the domestic violence offense. Thus, Lucas is not entitled to jail-time credit on his 12-month sentence. Therefore, Lucas's second assignment of error is overruled.

{¶ 19} Judgment affirmed in part, reversed in part, and remanded to reduce the three-month postrelease-control sanction.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR