[Cite as *State v. Prince*, 2025-Ohio-1407.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

KEVIN D. GODSEY,

    DEFENDANT-APPELLANT.

CASE NO. 1-24-60

OPINION AND
JUDGMENT ENTRY

Appeal from Allen County Common Pleas Court
Trial Court No. CR2024 0091

Judgment Reversed and Cause Remanded

Date of Decision: April 21, 2025

APPEARANCES:

    *Kenneth J. Rexford* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**WALDICK, P.J.**

{¶1} Defendant-appellant, Kevin D. Godsey ("Godsey"), brings this appeal from the September 23, 2024, judgment of the Allen County Common Pleas Court. For the reasons that follow, we reverse.

*Background*

{¶2} On May 16, 2024, Godsey was indicted for Trespass in a Habitation when a Person is Present or Likely to be Present in violation of R.C. 2911.12(B), a fourth degree felony. At the time Godsey committed the alleged offense, he was on post-release control for a prior Involuntary Manslaughter conviction. Godsey originally pled not guilty to the new Trespass charge.

{¶3} On June 4, 2024, Godsey entered into a written, negotiated plea agreement wherein he agreed to plead guilty to the Trespass offense as charged. Godsey's plea was accepted and he was found guilty.

{¶4} On June 17, 2024, the case proceeded to sentencing. At the sentencing hearing, it was discussed that Godsey was on post-release control. Nevertheless, the trial court determined that a prison term was not consistent with the principles and purposes of sentencing and that Godsey was amenable to community control. Godsey was sentenced to four years of community control, with the specific condition that he successfully complete the program at the "Western Ohio Regional

Treatment & Habilitation" ("WORTH") center. The trial court also reserved a prison term of 6-18 months in the event that Godsey violated his community control.

{¶5} On August 28, 2024, Godsey was unsuccessfully terminated from the WORTH center due to "continued behavioral issues." Following his termination, the State filed a motion to revoke Godsey's community control.

{¶6} On September 17, 2024, the trial court held a hearing wherein Godsey admitted that he had violated his terms and conditions of community control. The trial court proceeded to revoke Godsey's community control and sentence him to a 9-month prison term. The trial court then also elected to terminate Godsey's post-release control and impose a judicial sanction of 751 days in prison, consecutively, for Godsey committing the Trespass offense while on post-release control. A final judgment entry was filed September 23, 2024. It is from this judgment that Godsey appeals, asserting the following assignment of error for our review.

**Assignment of Error**

**The trial court erred in imposing 751 days for a PRC violation when that time was not imposed at sentencing or suspended on condition of community control, in violation of the Ohio Revised Code and/or Double Jeopardy.**

{¶7} In his assignment of error, Godsey argues that the trial court had no authority to impose a consecutive prison term for a post-release control violation in this case because any consecutive prison term for a post-release control violation needed to be imposed at Godsey's original sentencing hearing for the new Trespass

felony. Godsey argues that two other Ohio Appellate Districts have determined that R.C. 2929.141(A)(1) "does not authorize a trial court to terminate a postrelease control sanction upon the violation of a community control sanction." *State v. Eischen*, 2021-Ohio-23, ¶ 16 (6th Dist.); *State v. Prince*, 2016-Ohio-2724, ¶ 23 (8th Dist.). Godsey urges us to follow the other Ohio Appellate Courts.

Analysis

**{¶8}** Both parties argue that the plain language of R.C. 2929.141 controls this case. Revised Code 2929.141 reads, in pertinent part, as follows:

(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or

consecutively, as specified by the court, with any community control sanctions for the new felony.

**{¶9}** Godsey argues that the plain language of R.C. 2929.141(A) indicates that a sentencing judge can terminate post-release control and impose a sanction for committing the new felony offense while on post-release control *at the time he is sentenced on the new felony*. He argues that when he was sentenced on the new felony in this case (the Trespass charge), the trial court could have imposed a prison term for the Trespass charge, and a consecutive prison term related to post-release control. However, the trial court elected to sentence Godsey to community control and did not impose any prison time under R.C. 2929.141.

**{¶10}** Later, Godsey violated his community control on the new charge. At that time, he was sentenced to prison for 9 months on the Trespass charge and he was sentenced to prison for his remaining time on post-release control, 751 days.

**{¶11}** Godsey is correct that two other Ohio Appellate Districts have determined that a trial court cannot terminate post-release control and impose the remaining post-release control time as a prison term for a violation of a community control sanction. In *Eischen*, *supra*, the Sixth District Court of Appeals reasoned as follows:

> R.C. 2929.141 provides that when an offender who is convicted of or pleads guilty to the commission of a felony while on postrelease control, the court may terminate the term of postrelease control, and impose, in addition to a prison term for the new felony, a prison term for the postrelease control violation and the two sentences must be

> ordered to be served consecutively. R.C. 2929.141(A)(1). Alternatively, the court can impose a new sanction for the postrelease control violation under R.C. 2929.15 to 2929.18 "that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony." R.C. 2929.141(A)(2).
>
> R.C. 2929.141 does not authorize a trial court to terminate a postrelease control sanction upon the violation of a community control sanction. *State v. Prince*, 8th Dist. Cuyahoga No. 103265, 2016-Ohio-2724, ¶ 12-13. The plain language of R.C. 2929.141(A) requires that the offender on postrelease control have committed another felony. The violation of the community control sanction in this case did not involve a felony offense.

*Eischen*, 2021-Ohio-23, ¶ 15-16 (6th Dist.).

{¶12} The Eighth District Court of Appeals conducted a similar analysis in

*Prince*, reasoning as follows:

> R.C. 2929.141 has no application to appellant's subsequent violation of community control. . . .
>
> . . .
>
> . . . R.C. 2929.15(B) permits the trial court to impose a prison term upon the defendant for a community control violation, but the prison term must be "within the range of prison terms available for the offense for which the sanction that was violated was imposed and [does] not exceed the prison term specified in the notice provided to the offender at the sentencing hearing * * *." R.C. 2929.15(B)(2). Here, the underlying offense was a fifth-degree felony, which has a sentencing range between six and twelve months pursuant to R.C. 2929.14(A)(5).
>
> To the extent the trial court misinformed appellant at his original sentencing in the new case that a violation of community control

would result in a five-year sentence, the trial court lacked authority to impose such a sentence. The prison term imposed could not exceed the sentencing range for the offense for which the community control sanction that was violated was imposed. R.C. 2929.15(B)(2).

The trial court erred in purporting to act under R.C. 2929.141 to impose an additional prison sanction in this matter, and it lacked authority to impose a judicial sanction for the postrelease control violation. Nevertheless, as appellant concedes, he remains subject to the parole board for the violation of postrelease control attendant to having marijuana in his system and can be administratively punished as provided in R.C. 2967.28.

*Prince*, 2016-Ohio-2724, ¶ 10-13.

**{¶13}** The State concedes that if we agree with the decisions in *Eischen* and *Prince*, a reversal is warranted here. However, the State argues that we should find that Godsey was convicted of a new felony, giving the trial court authority to terminate post-release control and impose a prison term. The State contends that the trial court's authority to impose a judicial sanction is not expressly limited to a certain timeframe.

**{¶14}** After reviewing the arguments of the parties, we agree with the referenced decisions of the Sixth District and the Eighth District. A plain reading of R.C. 2929.141 does not allow for imposition of the remaining post-release control time for the violation of a community control sanction that is not a felony.[1] Therefore, Godsey's assignment of error is sustained.

---

[1] Again, the trial court had authority to impose post-release control at the time Godsey was sentenced on the new felony, but the prison term was not imposed.

Case No. 1-24-60

*Conclusion*

{¶15} Having found error prejudicial to Godsey in the particulars assigned and argued, his assignment of error is sustained and the judgment of the Allen County Common Pleas Court is reversed.

***Judgment Reversed and Cause Remanded***

**ZIMMERMAN and MILLER, J.J., concur.**

# JUDGMENT ENTRY

For the reasons stated in the opinion of this Court, the assignment of error is sustained and it is the judgment and order of this Court that the judgment of the trial court is reversed with costs assessed to Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

Juergen A. Waldick, Judge

William R. Zimmerman, Judge

Mark C. Miller, Judge

DATED:
/jlm